C. R. PACKER, Appellant,

v.

FIRST TEXAS SAVINGS ASSOCIATION OF DALLAS, Appellee.

No. 5165.

Court of Civil Appeals of Texas, Eastland.

May 25, 1978.

Rehearing Denied June 29, 1978.

Donald L. Prager, Ft. Worth, for appellant.

Walter H. Dunlap, Jr., Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellee.

BRADBURY, Justice.

This is a summary judgment case. Plaintiff, First Texas Savings Association of Dallas, sued defendant, C. R. Packer, seeking judgment for a deficiency on a promissory note following a nonjudicial sale of property that secured the note. Judgment was entered for plaintiff from which defendant appeals. We affirm.

Defendant argues that the court's refusal to permit him to implead third parties was error. Plaintiff was not asserting a claim against the proposed third-party defendants and they were asserting none against plaintiff. The transaction between defendant and the proposed third-party defendants was subsequent to the transaction which is the subject of this suit. The dis-

pute between defendant and the parties he was seeking to implead was immaterial to plaintiff's cause of action. The trial court did not abuse its discretion in refusing to permit defendant to bring in other parties. *Johnson v. Packaging Corporation of America,* 375 S.W.2d 780 (Tex.Civ.App.—Fort Worth 1964, no writ).

■ Defendant next complains that the motion for summary judgment was not sufficient. The motion set out the nature of the cause of action, the relief desired, and was supported by an affidavit of one of plaintiff's vice-presidents detailing the facts relied on. Attached to the motion were copies of the note, deed of trust and trustee's deed. The motion was sufficient to meet the requirement of Rule 166–A, T.R. C.P.

■ Defendant argues that plaintiff failed to conclusively establish that consideration was received for the note and that it was signed, executed and delivered. The basic documents sued on, the note, deed of trust and notice of proposed sale, were attached to request for admissions with requests that plaintiff admit or deny the matters relevant to plaintiff's cause of action. Defendant did not answer the request for admissions, therefore, they are deemed admitted. Rule 169, T.R.C.P. These documents were not denied under oath as required by Rules 93(h) and 93(j), T.R.C.P. Plaintiff conclusively established that there were no genuine issues of fact.

■ Defendant says the request for admissions cannot be deemed admitted because plaintiff did not file a motion asking that they be admitted. Defendant argues that Rule 169, T.R.C.P., requires such motion. We disagree. It was the obligation of defendant, and not plaintiff, to file a motion if he did not desire to have the request for admissions deemed admitted. He did not file such motion and the matters plaintiff sought to have admitted were admitted by default. *Masten v. Masten,* 165 S.W.2d 225 (Tex.Civ.App.—Fort Worth 1942, writ ref'd); *O'Connor v. City of Dallas,* 337 S.W.3d 741 (Tex.Civ.App.—Texarkana 1960, writ dism'd).

■ Defendant says a genuine fact issue exists as to whether the property at foreclosure was sold for a grossly insufficient amount and relies on *American Savings and Loan Association of Houston v. Musick,* 531 S.W.2d 581 (Tex.1975). The court stated:

"The court noted that appraisal testimony indicated a value of all three tracts on the date of foreclosure at $338,365, though American Savings bought the three tracts for $25,000. However, the rule is well established that mere inadequacy of consideration is not grounds for setting aside a trustee's sale if the sale was legally and fairly made. *Tarrant Savings Association v. Lucky Homes, Inc.,* 390 S.W.2d 473 (Tex.1965). There must be evidence of irregularity, though slight, which irregularity must have caused or contributed to cause the property to be sold for a grossly inadequate price. *Sparkman v. McWhirter,* 263 S.W.2d 832, 837 (Tex.Civ.App.—Dallas 1953, writ ref'd)."

In the instant case, there is no showing of any irregularity in the trustee's sale. Defendant by failing to deny request for admissions is in the position of admitting receiving a copy of the notice of proposed sale. Failure of notice is the only alleged irregularity that defendant relies on. He is deemed to have admitted receiving a copy of such notice. There being no irregularity in the sale, the inadequacy of consideration is immaterial.

We have considered all of defendant's points of error and they are overruled.

Judgment of the trial court is affirmed.