**Charles M. ELKINS, Appellant,**

v.

**Paul W. JONES, Jr., Appellee.**

**No. 13269.**

Court of Civil Appeals of Texas, Austin.

March 4, 1981.

Thomas M. Booker, Salmanson, Smith & Mouer, Austin, for appellant.

Don L. Baker, Austin, for appellee.

SHANNON, Justice.

Appellee Paul W. Jones, Jr., sued appellant Charles M. Elkins in the district court of Travis County on three promissory notes. Appellee filed a motion for summary judgment and, after hearing, the district court entered summary judgment for appellee. This Court will affirm that judgment.

Appellant's single point of error is that this Court should reverse the summary judgment because he "... is *unable to obtain a statement of facts* through no fault of his own concerning a hearing before the court of which he had no notice ..." (Emphasis added).

The hearing referred to in the point of error is not the summary judgment proceeding. Instead, appellant contends that a hearing is necessary before a trial court can deem as admitted Rule 169 requests for admissions.

On November 7, 1979, appellee served Rule 169 requests for admissions upon appellant in proper form. The requests provided that answers to the requests be delivered to appellee's counsel within ten days after delivery. Appellant did not deliver any answers to the requests within the specified time, nor did he file a motion with the court asking for additional time to answer. Some twenty-seven days after November 7, the district court signed an order deeming all the requests admitted. The admissions support the summary judgment.

Appellant insists that he was entitled to notice and hearing before the district court could order the requests deemed admitted. Appellant claims further that he was enti-

tled to a statement of facts of such hearing and, in the absence of such statement of facts, he is entitled to a reversal of the order of summary judgment.

For reversal of the order of summary judgment, appellant relies upon the rule that an appellant who is unable to obtain a proper record of the evidence is entitled to a new trial when his right to have his cause reviewed on appeal cannot be preserved any other way. *Robinson v. Robinson*, 487 S.W.2d 713 (Tex.1972); *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976); *Rogers v. Rogers*, 561 S.W.2d 172 (Tex.1978). By its terms, the *Robinson* rule is applicable, of course, to evidentiary hearings. This Court has concluded that appellant was not entitled to notice and hearing before the trial court ordered the requests admitted.

Requests for admissions are treated in Rule 169, which provides in part:

> "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after delivery thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed, delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters."

When appellant did not answer the requests for admissions or move for more time to answer, they were deemed admitted by operation of Rule 169. This was so whether or not the district court signed an order deeming the requests admitted. *Packer v. First Texas Savings Ass'n of Dallas*, 567 S.W.2d 574 (Tex.Civ.App.1978, writ ref'd n. r. e.). If the court enters an order deeming the requests admitted, it does not hear evidence, but simply ascertains from the papers in the case whether, under the terms of the requests for admissions, the order may be entered on that date.

Had appellant not desired to have the requests for admissions deemed admitted, it was his responsibility, not appellee's, to file a motion and seek a hearing. *Packer v. First Texas Savings Ass'n of Dallas, supra.* In that event, and had the court overruled the motion, appellant could have claimed error in the appeal from the summary judgment order. As the case presently stands, appellant waived whatever complaint he may have had.

Appellant's point of error is overruled and the judgment is affirmed.

Affirmed.

POWERS, J., not sitting.