HENKE GRAIN COMPANY, et al., Appellants,

v.

W.H. KEENAN, et al., Appellees.

No. 13-82-304-CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 22, 1983.

Macklin K. Johnson, Hallettsville, Barbara H. Fritz, Fritz & Fritz, Victoria, for appellants.

Marcus Schwartz, Schwartz & Schwartz, Hallettsville, for appellees.

Before BISSETT, UTTER and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is an appeal from an Order Granting Summary Judgment. The trial court awarded W.H. Keenan and Billy L. Alexander, plaintiffs in the trial court and appellees in this Court: 1) damages in the sum of $71,545.03; 2) attorney's fees in the amount of $7,154.40 in the event the cause was not appealed; 3) an additional $3,577.25 in attorney's fees if the cause is appealed to the Court of Appeals; 4) an additional $3,577.25 in attorney's fees if this cause is appealed to the Supreme Court of Texas; and, 5) costs plus interest from the date of judgment. Judgment was entered jointly and severally against Henke Grain Company and David W. Henke. Due to the nature of this appeal, a detailed recitation of the trial proceedings in this cause is necessary.

W.H. Keenan and Billy L. Alexander, hereinafter referred to as "appellees," filed suit against "Henke Grain Co. and David W. Henke," on November 10, 1981. On December 7, 1981, "David W. Henke, doing business as Henke Grain Co.," filed Defendant's Original Answer, generally denying each and every allegation contained in appellees' Original Petition. On December 28, 1981, appellees filed Plaintiffs' Second Amended Petition alleging fraud in obtaining appellees' grain, misapplication of the proceeds from the sale of that grain, partial payment for the purchase of the grain with checks drawn upon insufficient funds and breach of a fiduciary relationship. Plaintiffs' Second Amended Petition, again named "Henke Grain Co. and David W. Henke" as defendants. This petition requested actual damages in an amount "at least" the sum of $71,545.03, plus punitive damages in the amount of $50,000.00, plus attorney's fees, interest, costs and such other and further relief to which they may be entitled.

On January 22, 1982, appellees sought to take an oral deposition with Subpoena Duces Tecum, of David Henke and Henke Grain Company. David Henke appeared and with the exception of giving his name, refused to answer all questions, stating "any answer I make may incriminate me or tend to incriminate me." Apparently, no records or documents were presented at the time of the taking of the Deposition. On February 22, 1982, appellees filed a Motion for Summary Judgment. Attached to this motion was an affidavit of Billy L. Alexander. On March 24, 1982, appellees filed an Affidavit In Support Of Motion For Summary Judgment. Defendant David W. Henke filed an "Opposition To Plaintiffs' Motion For Summary Judgment" on April 6, 1982. Attached thereto, was an Affidavit In Opposition Of Plaintiffs' Motion For Summary Judgment.

On March 10, 1982, appellees filed Plaintiffs' Request For Admission Of Relevant Facts. This request notified David W. Henke and Henke Grain Company that they were required to serve their answer to the request "at the expiration of ten (10) days from the date upon which you receive a copy of this request." Attached to this "Request" was a certificate of service which stated that a copy of the request was mailed to Macklin Johnson (Defendants' attorney of record) on March 10, 1982, by certified mail. The record before us does not disclose when the request was received by Mr. Johnson. On March 30, 1982, defendant David W. Henke filed a "Response to Plaintiffs' Request For Admissions Of Relevant Facts."

On June 11, 1982, the trial court signed an Order Granting Summary Judgment. At this time the trial court "ORDERED, ADJUDGED, AND DECREED that all facts and statements in Plaintiffs' Request For Admission Of Relevant Facts are deemed against Defendants and found to be legally binding against Defendants and True . . . ." On June 14, 1982, David W. Henke, and wife, Jeanette S. Henke, d/b/a Henke Grain Company filed an "Application For Removal" of the cause now before us, to the United States Bankruptcy Court, Southern District of Texas, Victoria Division. Accompanying the Application For Removal was a Bond For Removal. An Order remanding the case was entered by the Bankruptcy Court on August 4, 1982.

David W. Henke filed a motion for new trial in the district court on July 12, 1982. This "motion" was denied on July 15, 1982. Subsequently, this appeal was filed.

■ Under their first two counterpoints, appellees attack the jurisdiction of this Court with regard to this appeal. Accordingly, we dispose of these points prior to addressing appellants' points of error. Appellees, in their first counterpoint, contend that Henke Grain Company failed to perfect an appeal from the judgment of the trial court. We agree. Under appellees' pleadings, two entities were sued; 1) Henke Grain Company and 2) David W. Henke. Appellees' Motion For Summary Judgment named both Henke Grain Company and David W. Henke as "defendants." Further, the Order Granting Summary Judgment "Ordered, Adjudged, and Decreed" judgment against "Defendants, jointly and severally." Finally, in the motion for new trial, only "David W. Henke, Defendant" moved to set aside the judgment of the trial court and only David W. Henke was secured by a cost bond on appeal. The judgment of the trial court is final as to Henke Grain Company.

■ Appellees, in their second counterpoint, assert that David W. Henke failed to perfect the appeal in this case since he filed his motion for new trial in the district court after the cause had been removed to the Federal Bankruptcy Court and prior to that court's remand of the cause back to the district court. Once a petition for the removal of a civil action and a bond has been properly filed and written notice thereof has been given all parties, provided that the cause is removable, removal becomes effective immediately and the State court has no power to proceed in the case unless and until the case is remanded. 28 U.S.C.S. § 1446 (Law. Co-op. 1977). See *Consolidated Underwriters v. McCauley,* 320 S.W.2d 60 (Tex.Civ.App.—Beaumont 1959, writ ref'd n.r.e.). Removal would not affect a party's ability to file a motion for new trial in the district court, it would, however, prevent the district court from ruling on the motion. The motion would thus remain on file until, and if such time occurs, that the cause is remanded back to the district court. Thereafter, if the motion is not acted upon, it will subsequently be overruled by operation of law. David W. Henke, hereinafter referred to as "appellant," properly perfected his appeal.

■ Appellant, in his fifth, sixth and seventh points of error, contends that the trial court erred in deeming admitted appellees' request for admissions. In his fifth point of error, he complains that the request for admissions did not set a time certain by which appellant was required to answer the request for admissions. We disagree. "PLAINTIFFS' REQUEST FOR ADMISSIONS OF RELEVANT FACTS" sets forth that appellant was "required to serve your answer at the expiration of ten (10) days from the date upon which you receive a copy of this request." The attached certificate of service states that a copy of the request was delivered to appellant's attorney of record, "by mailing same to him on this the 10th day of March, A.D., 1982 . . . ." Rule 21a, Tex.R.Civ.P., provides that "whenever a party has a right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." Rule 169, Tex.R.Civ.P., provides: "Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than ten days after delivery thereof . . . ." The request for admissions before us in the instant case required an answer at the expiration of 10 days after receipt. Rule 21a added three days to that time. The request for admissions provided for a set time within which an answer was to be filed. See *Hill v. Caparino,* 370 S.W.2d 760 (Tex.Civ.App.—Houston 1963, no writ). The answers to the request were not timely filed.

■ Appellant, in his sixth point of error, asserts that the trial court abused its discretion in deeming admitted the request for admissions as appellant's answers there-

to were before the court at the time the court deemed the answers admitted. He sets forth in his brief that an oral motion to permit the filing of his answers was made to the trial court. The record before us reflects no such motion. Time began to run on appellant's requirement to answer on March 10, 1982. The trial judge has broad discretion in deeming admitted requested admissions where there is neither an answer nor denial within the time specified in the request. The trial judge also has broad discretion in refusing to grant a motion of the non-answering party to permit the late filing of an answer or denial to the requests for admissions. *Schindler v. AG Aero Distributors, Inc.,* 502 S.W.2d 581 (Tex.Civ. App.—Corpus Christi 1973, no writ). In absence of any showing that appellant filed a motion to permit the late filing of his answers, we find that the trial court did not abuse its discretion in deeming the request for admissions admitted. See *Packer v. First Texas Savings Association of Dallas,* 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); *Mathes v. Kelton,* 565 S.W.2d 78 (Tex.Civ.App.—Amarillo 1977, aff'd 569 S.W.2d 876 (Tex.1978)); and, *Elkins v. Jones,* 613 S.W.2d 533 (Tex.Civ. App.—Austin 1981, no writ).

 Appellant, in his seventh point of error, complains that the trial court erred in deeming admitted appellees' request for admissions numbers 1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19, 22, 23, 24, 25, 26, and 27 because such requests were not limited to seeking admission of the truth of relevant facts. Apparently, appellant is asking this Court to strike the admissions because of the possibility that they could be answered in such a way as to entail more than relevant matters of fact. It is not necessary that we set forth each of the above numbered requested admissions. We have examined each of the contested requests and find that only number 10 calls for other than a factual answer on the part of appellant. Requested Admission number 10 states "David W. Henke and Henke Grain company (sic) owe Plaintiffs $71,545.03 for Plaintiff's grain," and calls for a conclusion of law, however, this statement finds sup-

port in the record in the affidavit accompanying the Motion For Summary Judgment and in other admissions. Accordingly, the erroneous admission by the trial court of requested admission number 10 does not by itself constitute reversible error. Appellant also contends that the deemed admissions are not proper evidence to support the granting of the summary judgment. We disagree. Deemed admissions can be used to support the granting of a summary judgment. *Elkins v. Jones,* supra; and *Freudenmann v. Clark and Associates, Inc.,* 599 S.W.2d 132 (Tex.Civ.App.—Corpus Christi 1980, no writ). Appellant's fifth, sixth and seventh points of error are overruled.

 Appellant, in his first point of error, says that the trial court erred in granting appellees' Motion For Summary Judgment because genuine issues of material fact exist. Normally, in reviewing summary judgment evidence, this Court will disregard all conflicts in the evidence and will accept as true that evidence which tends to support the position of the non-moving party, *Crystal City Independent School District v. Crawford,* 612 S.W.2d 73 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.). However, where appellant failed to answer plaintiffs' request for admissions, he will be precluded from offering summary judgment proof contradictory to those admissions. *Agristor Credit Corp. v. Donahoe,* 568 S.W.2d 422 (Tex.Civ.App.— Waco 1978, writ ref'd n.r.e.); see *Masten v. Masten,* 165 S.W.2d 225 (Tex.Civ.App.— Fort Worth 1942, writ ref'd). Appellant's Affidavit In Opposition Of Plaintiffs' Motion For Summary Judgment, states:

"I at no time entered into any agreement with W.H. Keenan and/or Billy L. Alexander and/or Mr. Willie Graves to transport grain belonging to any of said persons. I was never employed by Mr. Graves to transport his grain or the grain of W.H. Keenan and/or Billy L. Alexander to the Port of Houston.

I emphatically deny that I defrauded, defalcated or embezzled Plaintiffs as alleged in Plaintiffs' Second Amended Peti-

tion. I further deny that I have held any funds in trust for Plaintiffs or ever acted in a fiduciary capacity in connection Plaintiffs. I further deny that I have ever fraudulently obtained grain or any other item from any parties as alleged in Plaintiffs' Second Amended Petition."

Those facts deemed admitted against appellant establish: 1) appellant picked up grain belonging to appellees and delivered that grain on appellees behalf to dealers; 2) appellant agreed to make payment to appellees for the full contract value of the grain, immediately upon the sale of the grain; 3) appellant obtained payment for appellees' grain in an amount of at least $71,545.03; 4) appellant has used the proceeds of the sale of appellees' grain for appellant's own benefit; 5) appellant has refused to tender $71,545.03 owed to appellees for their grain to appellees; 6) appellant has written several checks purportedly to remit to appellees the proceeds of the sale of the grain, and the checks have been returned marked insufficient funds; 7) appellant specifically acknowledged to appellees that he was at all times holding and selling appellees' grain as appellees' agent and that he would hold the funds from the sale in trust for immediate payment to appellees; and, 8) reasonable attorney's fees would be 10% of the amount due appellees by reason of appellant's failure to pay appellees for their grain, an additional 5% in the event of an appeal, plus an additional 5% in the event of an appeal to the Supreme Court.

Plaintiffs' Second Amended Petition sets forth:

"II

During the late summer and early fall of 1981, defendant HENKE, acting on behalf of himself and defendant HENKE GRAIN CO., induced Plaintiffs to deliver grain to Defendants by promising to deliver the grain to various grain dealers, have the grain weighed upon delivery to the dealers, and pay Plaintiffs for the grain. In furtherance of their scheme, Defendants obtained the grain from Plaintiffs, delivered the grain to various agricultural dealers, were paid for the grain upon delivery, and gave Plaintiffs checks in payment of some of the grain, which checks were drawn upon accounts having insufficient funds to honor those checks, a fact of which defendant HENKE was well aware at the time the checks were delivered. For other portions of the grain delivered, Defendants never have paid Plaintiffs even though Defendants have been paid for all grain delivered to the agricultural dealers.

III

Defendants have misapplied the funds received from the various grain dealers, which funds Defendants held in trust for Plaintiffs and, by misapplying said trust funds, Defendants have breached their fiduciary obligations to Plaintiffs.

IV

Defendants have obtained your Plaintiffs' grain by fraudulent means; furthermore, while acting in a fiduciary capacity, Defendants have defrauded, defalcated, and embezzled your Plaintiffs. By reason of this fraud, your Plaintiffs have been damaged in the amount of SEVENTY-ONE THOUSAND FIVE HUNDRED FORTY-FIVE and 03/100 Dollars ($71,-545.03). Also, by reason of this action, Defendants are liable for punitive damages in the amount of at least FIFTY THOUSAND and no/100 Dollars ($50,-000.00)."

Those facts deemed admitted against appellant together with the uncontroverted parts of appellees' affidavits support the granting of a summary judgment. Appellant's first point of error is overruled.

Appellant, in his second point of error, asserts that no pleadings exist to support the motion for summary judgment and in his third point of error, contends that there is no evidence to support the judgment. We have carefully considered those points and they are overruled.

Appellant, in his fourth point of error, complains that the trial court erred in awarding attorney's fees because there were no pleadings and no summary judgment proof to support the award. In addition to that portion, already set out in this opinion, Plaintiffs' Second Amended Petition recites:

### "VII

Because of the failure of Defendants to pay the sums due and owing as described in the foregoing paragraphs, Plaintiffs have found it necessary to employ an attorney to bring suit. To compensate an attorney for your Plaintiffs, Plaintiffs are entitled to recover a reasonable attorneys' fees, which Plaintiffs allege to be not less than fifteen percent (15%) of the amount in controversy. In the event of an appeal to the Court of Appeals, Plaintiffs would be entitled to an additional sum of at least ten percent (10%) as reasonable attorneys' fee. In the event of an appeal to the Supreme Court, Plaintiffs would be entitled to an additional sum of at least five percent (5%) as reasonable attorneys' fee."

 The affidavit of Billy Alexander, attached to the Motion For Summary Judgment, states "[a]lthough repeated demand has been made for payment, Defendants have refused to make these drafts good and pay the $71,545.03 as promised." Additionally, deemed admission number 12 states: "Henke Grain Company and David W. Henke have refused to tender $71,545.03 owed for Plaintiffs' grain to them." We have reviewed the record before us and find it sufficient to support the award of attorneys' fees. See *Welch v. Gammage,* 545 S.W.2d 223 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.); and, *Lindley v. Smith,* 524 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1975, no writ). Appellant's fourth point of error is overruled.

We deny appellees' request for additional relief under Tex.R.Civ.P., Rules 435 and 438.

The judgment of the trial court is AFFIRMED.