**Nick N. VELCHOFF, Appellant,**

v.

**Edward R. CAMPBELL, Appellee.**

**No. 05–85–00456–CV.**

Court of Appeals of Texas,
Dallas.

March 13, 1986.

Kenric R. Hevron, Dallas, for appellant.

William J. Flittie, Dallas, for appellee.

Before VANCE, GUILLOT and HOWELL, JJ.

HOWELL, Justice.

Nick N. Velchoff, an oil and gas lease broker ("Broker"), appeals from a summary judgment rendered in favor of plaintiff, Edward Campbell ("Investor"). He urges this court to hold that summary judgment cannot be had on the strength of certain requests for admissions deemed admitted by operation of Rule 169 of the Texas Rules of Civil Procedure. We disagree. Accordingly, we affirm the judgment of the trial court.

In his original petition, Investor alleged that Broker was his agent and that they were associated in a joint venture to acquire mineral leases. It appears that the joint venture obtained a farmout of certain leases and then assigned them to third parties, retaining an overriding royalty for the joint venture. The third parties subsequently omitted payment of delay rentals and allowed the leases to lapse. Broker then obtained renewal leases directly from the landowners, claiming sole ownership thereof. Investor contended in his petition that the renewal leases were obtained on the basis of knowledge gained by Broker in the course of a fiduciary relation. Investor asked for damages and for a constructive trust on the renewal leases.

Broker responded in his original answer with a general denial, certain affirmative defenses, and a counterclaim. The counterclaim stated that Investor had agreed to compensate Broker for his services in obtaining the farmout leases by assigning to Broker an overriding royalty and by paying him $5.00 per acre. The counterclaim further alleged an agreement by Investor to pay Broker a two-percent overriding royalty on any leases Investor otherwise acquired in the area. It alleged that the Investor had failed to compensate Broker as agreed. Broker alleged alternatively that he was entitled to quantum meruit recovery for his expenses and that Investor's conduct was fraudulent.

After some time, Investor moved for summary judgment. The motion repeated the allegations made in the petition but omitted any reference to the counterclaim. The motion was entirely grounded upon requests for admissions that Investor had previously filed. Broker had filed responses at the time of the summary judgment hearing, but the responses were untimely and no order had been requested or entered extending the time to respond. Thus, under the provisions of the rule, the requests were deemed admitted. TEX.R.CIV.P. 169.

The trial court entered judgment placing a constructive trust on the renewal leases. The judgment did not expressly address the counterclaim but it concluded by reciting, "All other relief not expressly granted is herein denied."

■ Broker argues in five points of error that the deemed admissions cannot support the summary judgment. We disagree. Deemed admissions may be employed as summary judgment proof. *Overstreet v. Home Indemnity Co.,* 669 S.W.2d 825, 827 (Tex.App.—Dallas 1984), *rev'd on other grounds,* 678 S.W.2d 916 (Tex.1984); *Elkins v. Jones,* 613 S.W.2d 533 (Tex.Civ.App.—Austin 1981, no writ). Broker argues that the trial court abused its discretion in granting summary judgment because considerable time elapsed between the time the admissions were deemed admitted by operation of law and Investor's motion for summary judgment and because his responses to the request for admissions had long been before the trial court. The record discloses that Broker never requested additional time to properly reply to the requests for admission. Absent such a motion he cannot complain that the trial court abused its discretion. *Texas Employers' Ins. Ass'n v. Bragg,* 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Overstreet,* 669 S.W.2d at 825;

*Henke Grain Co. v. Keenan,* 658 S.W.2d 343, 347 (Tex.App.—Corpus Christi 1983, no writ). Points one through five are overruled.

■ In point six Broker complains that the trial court erred in imposing a constructive trust without requiring Investor to do equity. The alleged failure to do equity relates to the compensation for services owed to Broker as set forth in the counterclaim. One seeking a constructive trust, an equitable remedy, must show himself willing to do equity. *Hull v. Fitz-Gerald,* 232 S.W.2d 93, 99 (Tex.Civ.App.—Amarillo 1950), *aff'd,* 150 Tex. 39, 237 S.W.2d 256 (1951). One of the deemed admissions states that Investor paid the compensation due to Broker. The requirement that Investor do equity was thus fulfilled, and the constructive trust was a proper remedy.

Broker's seventh point of error contends that the trial judge erred in granting final judgment where only partial summary judgment was warranted. A final judgment is one that disposes of all parties and issues in a suit. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959).

The motion for summary judgment dealt only with Investor's original claim—alleged misconduct in allowing the original farmout leases to terminate. Broker's counterclaim addressed the compensation allegedly owed to him for his services in obtaining the original farmout leases. The motion for summary judgment did not specifically request that the court dispose of the counterclaim.

The trial court has rendered final judgment without expressly ruling upon a counterclaim. Normally this would constitute error. *Young v. Hodde,* 682 S.W.2d 236, 237 (Tex.1984); *Teer v. Duddlesten,* 664 S.W.2d 702, 704 (Tex.1984); *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982).

■ In the case before us, however, the counterclaim issue—whether Broker had been properly compensated—had to be addressed before judgment could be rendered on the main claim. To obtain the constructive trust, Investor had to establish that he had done equity in regard to Broker by compensating him for his efforts. The judgment on the main claim implicitly but necessarily decides the counterclaim issue adversely to Broker. *See Griffith v. Geffen & Jacobsen, P.C.,* 693 S.W.2d 724 (Tex. App.—Dallas 1985, no writ).

The judgment of the trial court is affirmed.