**Carl E. ECKMAN, Jr., James Nicholson and Gary Hutchison, Appellants,**

v.

**CENTENNIAL SAVINGS BANK, Appellee.**

**No. 05–87–00896–CV.**

Court of Appeals of Texas, Dallas.

June 13, 1988.

Rehearing Denied July 22, 1988.

---

**394**

Michael Lowenberg, Kathleen M. La-Valle, Dallas, for appellants.

James V. Cornehls, Arlington, for appellee.

Before STEPHENS, McCLUNG and BAKER, JJ.

McCLUNG, Justice.

Carl Eckman, James Nicholson and Gary Hutchison appeal a summary judgment in favor of Centennial Savings Bank, appellee. The judgment ordered that Eckman, Nicholson and Hutchison take nothing on their claims and that Centennial recover the deficiency due under promissory notes executed by Eckman, Nicholson, Hutchison and Jackson. Eckman, Nicholson and Hutchison complain that the trial court erred in granting summary judgment because (1) Centennial failed to show there were no genuine issues of material fact as to their claims against Centennial (2) the affidavits, depositions and testimony they provided in response to the motion for summary judgment raise genuine issues of material fact (3) the trial court erred in refusing to strike deemed admissions and allow their qualified denials and (4) the trial court erred in refusing them leave to take depositions. Because we find no merit in these contentions, we affirm the judgment of the trial court.

A detailed recitation of the facts is necessary to fully explain our disposition of this case. Eckman, Nicholson, Hutchison and Jackson formed a joint venture, EJHN, for the purpose of constructing houses in a residential subdivision. In November, 1983, the four joint venturers obtained interim construction loans in the aggregate amount of $1,019,000 from Centennial Savings Bank. The loans were represented by fourteen separate notes, secured by liens on lots in the subdivision. After the origi-nal notes matured, Centennial granted Eckman, Nicholson, Hutchison and Jackson three consecutive extensions, at their request. Thereafter, Centennial refused further extensions and Eckman, Nicholson, Hutchison and Jackson defaulted. Centennial posted the properties for foreclosure and scheduled trustee's sales of the properties for January 7, 1986.

On January 6, 1986, Eckman, Nicholson and Hutchison filed this suit to enjoin foreclosure and recover damages from Centennial, resulting from Centennial's alleged breach of fiduciary duty, conspiracy to convert funds and conceal transactions on their account, violation of the Texas Deceptive Trade Practices Act, breach of depository contract, negligent handling of funds and fraud. Because of Eckman, Nicholson and Hutchison's failure to timely serve Centennial, the foreclosure sales were not enjoined; thus, only the suit for damages was addressed by the trial court.

On March 24, 1986, Centennial filed its First Amended Original Answer consisting of special exceptions to the pleadings of Eckman, Nicholson and Hutchison, and a counterclaim for the amounts owed on the notes in excess of the proceeds from the foreclosure sales. On the same day, Centennial served Eckman, Nicholson and Hutchison with a First Request for Admissions, Interrogatories and Requests for Production.

As of February 26, 1987, nearly one year later, Eckman, Nicholson and Hutchison had not responded to Centennial's discovery requests, had conducted no discovery of their own, and had raised no affirmative defenses to Centennial's counterclaim. On January 27, 1987, Centennial filed a motion for summary judgment, together with supporting affidavits, and the trial court set the hearing on the motion for March 9, 1987.

On February 26, 1987, Eckman, Nicholson and Hutchison filed a "Motion for Continuance of Hearing on Motion for Summary Judgment and Response to Motion for Summary Judgment." In the motion, they requested continuance, for an indefinite period of time, to allow them to take deposi-

tions of numerous individuals and to request bank records from Centennial. The trial court granted a continuance only until March 13, 1987.

On March 12, 1987, Eckman, Nicholson and Hutchison filed a second motion for continuance, asking for 45 additional days. The motion stated:

> Plaintiffs have been unable to complete necessary discovery in this cause due to the pressures of other major litigation and subsequent appellate wer k in connection with another lawsuit involving the same parties. Plaintiffs ... cannot be fully and adequately prepared to respond to Defendant's motion for summary judgment until the ... additional discovery is completed.

The trial court denied the second motion for continuance.

Between March 9, 1987 and March 13, 1987, Eckman, Nicholson and Hutchison sought leave of court to file a variety of papers, including additional affidavits, deposition and trial testimony of Richard Tharp from a separate lawsuit, a notice of deposition of Al Pridmore and Richard Tharp, and a Request for Extension of Time to File Answers to Requests for Admissions. The record does not affirmatively show that the court granted leave to file any of these papers nor that the court granted any of appellants' requests. The court held a hearing on the Motion for Summary judgment on March 13, 1987, as scheduled and summary judgment was granted in favor of Centennial. Appellants raise five points of error on appeal, which we will discuss in reverse order.

■ Eckman, Nicholson and Hutchison complain, in their fifth point of error, that the trial court erred in denying their motion for leave to take the depositions of Richard Tharp and Al Pridmore prior to hearing on the motion for summary judgment. We note, at the outset, that they complain, as a practical matter, that the court refused to grant a second continuance so that they could obtain the desired deposition testimony prior to the summary judgment hearing.

In support of their contention Eckman, Nicholson and Hutchison cite *Garza v. Serrato*, 699 S.W.2d 275 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). *Garza* is a personal injury case in which the plaintiff's treating physician took x-rays fifteen days prior to trial which caused him to change his diagnosis from a sprain to a herniated disc. The doctor's deposition, taken five days prior to trial, revealed this change in diagnosis, and the defendant's attorney received a copy of the deposition only two days prior to trial. The court of appeals stated that, although the granting or denial of a motion for continuance is a matter resting within the sound discretion of the trial court, the denial of a motion for continuance, supported by affidavit, containing uncontroverted facts which constitute good sufficient cause alleged, was an abuse of discretion. *Id.* at 281.

The facts set out in appellants' affidavit, even if uncontroverted, do not constitute good sufficient cause as a matter of law as did the facts in *Garza*. Rather, the facts are more closely aligned with those of *Manges v. Astra Bar*, 596 S.W.2d 605, 612 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In the present case, during a period of nearly one year, Eckman, Nicholson and Hutchison failed to institute discovery proceedings as to Al Pridmore or Richard Tharp in order to inquire into the circumstances surrounding the construction of the houses, the handling of their account, the relationship between Tharp and Jackson, or any other matter. Their motion fails to show any diligence in obtaining the critical discovery or any valid excuse for their lack of diligence. *See Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981) (trial court acted within its discretion in refusing to recognize another lawsuit as an excuse for plaintiff's inattention to this lawsuit over a fourteen-month period). Furthermore, their motion for continuance fails to show what evidence appellants sought to obtain or explain its materiality to this case. We hold that under these circumstances the trial

judge did not abuse his discretion by denying the motion for continuance.

Eckman, Nicholson and Hutchison next complain that the trial court erred in failing to admit their qualified denial of Centennial's Request for Admissions. They contend that their request for extension of time to file answers to the requests for admissions point out facts that excuse their failure to timely respond, namely their involvement in another lawsuit between the same parties and the fact that the law firm representing them lost an employee who was handling the file.

When Eckman, Nicholson and Hutchison failed to answer the request for admissions or move for more time to answer, they were deemed admitted by operation of Rule 169. *Elkins v. Jones*, 613 S.W.2d 533 (Tex.Civ.App.—Austin 1981, no writ). No motion to deem unanswered requests for admissions admitted need be filed. *Packer v. First Texas Savings Assoc.*, 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). This is so whether or not the court signed an order deeming the requests admitted. *Elkins* at 534.

In order to avoid the consequences of a failure to answer, the party must show legal or equitable excuse for his failure to answer. *Burnett v. Cory Corp.*, 352 S.W.2d 502 (Tex.Civ.App.—Dallas 1961, writ ref'd n.r.e.). The trial court has broad discretion in refusing or granting a motion of a non-answering party to permit the filing of an answer or denial to a request for admissions after the time for answering has expired. *Texas Employers' Insurance Association v. Bragg*, 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The ruling made by the trial court in either situation will be set aside only upon a showing of clear abuse. *Id.*

Centennial filed its requests for admissions on March 24, 1986. The requests for admissions were deemed admitted by operation of law thirty days later. Appellants did not file their request to extend the time for answering until March 13, 1987,

nearly one year after the requests were filed.

Rule 1 of the Texas Rules of Civil Procedure provides:

The proper objective of rules of civil procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law. *To the end that this objective may be attained with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable, these rules shall be given a liberal construction.* [Emphasis added.]

Accordingly, we recognize that loss of an employee or a heavy caseload might, in fairness, justify a short delay by counsel in responding to discovery. We also recognize that these difficulties are an inexorable reality of the practice of law. To delay resolution of clients' disputes, for more than a year, for the convenience of the attorneys is clearly inconsistent with the spirit of the Rules of Civil Procedure and belies the stature of the legal profession as a service organization, dedicated to the needs of its clients. The trial judge clearly did not abuse his discretion in refusing to allow such delay.

Eckman, Nicholson and Hutchison next argue that the trial court abused its discretion in refusing their motion to amend their pleadings to state a cause of action under Texas Deceptive Trade Practices Act § 17.50(a) (Vernon Supp.1987). Appellants rely on *Womack v. Allstate Ins. Co.*, 296 S.W.2d 233 (Tex.1956), which holds that summary judgment should not be granted if an amendment to the pleadings would render the movant's position insupportable.

Eckman, Nicholson and Hutchison tendered their First Amended Original Petition for filing on March 12, 1987, one day prior to the rescheduled summary judgment hearing. The petition requests actual damages pursuant to § 17.50(b)(1). Prior to filing the amendment, Eckman, Nicholson and Hutchison failed to give notice to Centennial pursuant to § 17.50A, as required when a party seeks actual damages

under § 17.50(b)(1). Thus, a simple amendment to the pleadings would *not* render Centennial's motion for summary judgment insupportable. Eckman, Nicholson and Hutchison required a continuance as well as an amendment, and in fact requested a 45 day continuance in their amended petition.

■ Eckman, Nicholson and Hutchison contend that it is an abuse of discretion not to grant an amendment to the pleadings absent a showing by the opposing ˜arty that the amendment constitutes surprise. *Hardin v. Hardin,* 584 S.W.2d 384, 385 (Tex.Civ.App.—Eastland 1979), *rev'd,* 597 S.W.2d 347 (Tex.1980). The Texas Supreme Court held, in *Hardin,* that once a trial court refuses an amendment to the pleadings which introduces new substantive matter, the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party, to show surprise. *Hardin v. Hardin,* 597 S.W.2d 347, 349 (Tex.1980). On appeal the trial court's ruling will not be disturbed unless the complaining party clearly shows an abuse of discretion. *Id.* at 349–50.

■ Furthermore, the trial court is vested with sound judicial discretion with regard to continuances. *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1963). We hold that amendment is not mandatory, even absent a showing of surprise, if the party seeking to amend must move for a continuance to meet the prerequisites for recovery under his added cause of action and if he fails to demonstrate due diligence in attempting to do so prior to tendering his amendment. *See Holland v. First Nat'l Bank,* 597 S.W.2d 406, 412–13 (Tex. Civ.App.—Dallas 1980, writ dism'd w.o.j.). Accordingly, we hold the trial judge did not abuse his discretion in refusing appellants' First Amended Original Petition.

Eckman, Nicholson and Hutchison contend, in two additional points of error, that (1) Centennial failed to demonstrate that there were no genuine issues of material fact, particularly as to appellants' claims against Centennial, and (2) appellants raised genuine issues of material fact as to their claims against Centennial, precluding summary judgment. Appellants rely on the affidavits of Carl Eckman and Al Pridmore, together with the deposition and trial testimony of Richard Tharp, vice-president of Centennial, to raise these fact issues.

The affidavit of Carl Eckman in support of the response to summary judgment was filed on February 26, 1987, more than seven days before the hearing; thus, we can consider his affidavit as summary judgment evidence. However, the affidavit of Al Pridmore and the deposition and trial testimony of Richard Tharp were not filed until March 13, 1987, and March 17, 1987, respectively.

■ Pursuant to T.R.C.P. 166–A(c) matters upon which the appellants rely as precluding summary judgment must be filed at least seven days before the summary judgment hearing unless leave of court for filing them is obtained. Where the trial court does allow a late filing of a response to a motion for summary judgment, the record must reflect an affirmative indication of such an acceptance. In the absence of such an indication, it is the duty of this Court to presume the trial court refused a late filing of a response, even if it appears as part of the transcript. *Nava v. Steubing,* 700 S.W.2d 668, 670 (Tex.App.—San Antonio 1985, no writ).

The record in this case does not reflect that the court admitted the late-filed affidavit and testimony. Accordingly, in determining whether the summary judgment is proper we will consider only the affidavit of Carl Eckman, filed on February 26, 1987, and appellants' response to the motion for summary judgment.

We need not search the affidavits for fact issues not expressly raised in the response. *See Cottrell v. Carrillon Associates Ltd.,* 646 S.W.2d 491, 493 (Tex.App.— Houston 1982, no writ). In their response appellants allege material fact issues exist with regard to (1) a conspiracy between Richard Tharp and Kenneth Jackson, their co-adventurer, to conceal transactions on their account, (2) negligence of Centennial in failing to inspect work in progress on the houses before releasing payments to Jack-

son and (3) conspiracy between Tharp and Jackson to convert funds in appellants' account.

Summary judgment for the defendant is proper when a plaintiff fails to allege facts, which, if proved, would establish liability. *Gonzales v. Lubbock State School*, 487 S.W.2d 815, 817 (Tex.Civ.App.—Amarillo 1972, no writ). To recover in negligence appellants must allege and prove duty, breach of duty, causation and damages. The Bank owed appellants no duty to inspect the construction work, absent an allegation of a contract imposing such a duty, or an allegation that Centennial undertook inspections of the construction work for appellants' benefit, aimed at assuring the work complied with specifications required by the appellants, and that appellants justifiably relied on Centennial to do so. *See Peterson v. Mutual Savings Inst.*, 646 S.W.2d 327 (Tex.App.—Austin 1983, no writ). No such allegations of duty appear in pleadings, nor are they supported by the affidavit of Carl Eckman. Accordingly, appellant's negligence claim fails, as a matter of law, to state a claim against Centennial.

Appellants' conversion claim likewise fails as a matter of law. An action for conversion will lie for the recovery of money only if the money can be identified as a specific chattel. When an indebtedness can be discharged by payment of money generally, an action in conversion is inappropriate. A bank deposit ordinarily creates a debtor/creditor relationship and the bank's duty to disburse funds arises from the depository contract, not from tort. *Upper Valley Aviation v. Mercantile Nat'l Bank*, 656 S.W.2d 952 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). Appellants do not allege that the interim construction loan in this case is a specifically identifiable fund which the bank was to segregate, and later return, as an intact fund. Consequently, appellants' conversion claim fails as a matter of law.

Finally, Eckman, Nicholson and Hutchison argue that a fact issue is created by their allegation that Centennial's agent, Tharp, conspired with Jackson to conceal unauthorized payments and overdrafts on their account. A civil conspiracy consists of an agreement by two or more persons to act in combination to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means which results in damages to another. 16 Am. Jur.2d 267–68, Conspiracy §§ 49 and 50 (1979); *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854 (Tex.1968). Appellants' pleadings and affidavits primarily consist of legal conclusions about the actions of Centennial and its agents. The only factual allegations appearing in the affidavit are that in December 1985, Eckman learned of overdrafts, bounced checks, and checks which had been held without payment by Richard Tharp, and that Richard Tharp had received one or more expensive gifts from Kenneth Jackson and had offered to do special services for Jackson in connection with appraisals. We hold that these allegations are insufficient to raise a fact issue as to a claim for civil conspiracy.

Accordingly, we overrule appellants' five points of error, and we affirm the judgment of the trial court.