**Jim CROWLEY, a/k/a Harold James Crowley, et al., Appellants,**

v.

**G. Warren COLES, Jr., and the North River Insurance Company, Appellees.**

No. 01–87–01074–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 27, 1988.

David W. Showalter, Charles R. Vickery, Pamela Prince Stimes, Bellaire, for appellants.

Mark K. Glasser, Porter & Clements, Daniel O. Goforth, Sewell & Riggs, Mark Burck, Brill & Brooks, Jeffrey Gelb, David A. Furlow, Gary Siller, Griggs & Harrison, Houston, for appellees.

Before LEVY, WARREN and DUGGAN, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a summary judgment that was granted in favor of appellees Coles and North River Insurance Company ("North River"), defendants in a minority shareholders' derivative suit.

At some time prior to November 7, 1980, Don Parmer borrowed a large sum of money from the First National Bank of Bellaire. As collateral for the loan, Parmer executed a Deed of Trust covering two tracts of land, one in Fort Bend County and one in Nueces County. Parmer sold the Nueces County tract, made a partial payment on the loan, and requested that the Bank release its lien on that tract. On November 7, 1980, the Bank, acting through its president, appellee G. Warren Coles, Jr., released by mistake both the Nueces County tract and the Fort Bend County tract. Parmer then sold the Fort Bend County tract, but paid nothing on the outstanding loan. As a result, the Bank sustained a $140,000 loss.

Previously, the Bank had purchased an "errors and omissions" insurance policy from appellee North River, covering such an error, but the coverage was extended only if recovery was effected by a stockholders' derivative suit. In 1982, Jim Crowley, at that time a shareholder, was requested to bring such a suit so that recovery could be obtained under the insurance policy.

Appellant, Jim Crowley, filed this lawsuit on May 21, 1982, based on the Texas Derivative Statute, Tex.Rev.Civ.Stat.Ann. art. 5.14 (Vernon 1980) of the Texas Business Corporation Act, seeking relief from and damages for alleged acts of negligence and gross negligence of appellee Coles, as president of the First National Bank of Bellaire ("the Bank"). Crowley also sought damages against North River, the underwriter of an officers' and directors' liability policy for the Bank.

Crowley asserted that Coles had acted negligently in releasing some of the Bank's collateral on November 7, 1980, in the form of the Fort Bend County tract of land, and that the release of the collateral caused a financial loss to the Bank when the loan secured by such collateral defaulted and was not paid. Crowley also alleged that this loss was covered by the officers' and directors' liability policy underwritten by North River and that North River was therefore liable for all resulting damages.

On October 28, 1983, almost three full years after the date of the transaction complained of (November 7, 1980), Crowley filed his second amended original petition in which he, for the first time, joined the Bank as a party defendant.

More than three years thereafter, on January 9, 1987, Crowley filed a fourth amended original petition, in which 10 new plaintiffs, who are now appellants in this appeal, sought to join the lawsuit and proceed to trial as derivative claimants in the suit originally filed by Crowley in May, 1982. The new plaintiffs were thus attempting to join Crowley's lawsuit almost five years after his commencement of the suit, and more than six years after the date stipulated by the parties as the date of appellee Coles's allegedly negligent act.

On April 29, 1987, appellee North River filed its motion for summary judgment in

the trial court, thereafter filing its supporting brief on May 29, 1987. Appellants filed their only written response to North River's motion for summary judgment on May 22, 1987. On September 18, 1987, appellee Coles filed his motion to dismiss or for summary judgment, to which appellants failed to file any written response.

Among the grounds advanced by appellees in support of their independent motions for summary judgment was that Crowley's complaint was precluded by art. 5.14 and that the complaints of all the other plaintiffs were time-barred because the two-year statute of limitations had run on their cause of action. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). We are of the opinion that summary judgment was properly granted on those two grounds.

Appellees, as the defendants below who moved for the summary judgment, had the burden of showing as a matter of law that no material issue of fact existed as to the plaintiffs' cause of action. *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165 (Tex.1987). The defendants below will have met their burden of proof if their summary judgment evidence shows that at least one essential element of the plaintiffs' cause of action was conclusively established against the plaintiffs. *Gray v. Bertrand,* 723 S.W.2d 957 (Tex.1987).

Appellees rely on art. 5.14, which states in pertinent part that:

A derivative suit may be brought in this State only if:

(1) The plaintiff was a record or beneficial owner of shares, or of an interest in a voting trust for shares, at the time of the transaction of which he complains, or his shares or interest thereafter devolved upon him by operation of law from a person who was such an owner at that time, and

(2) The initial pleading in the suit states:

(a) The ownership required by subsection (1), and

(b) With particularity, the efforts of the plaintiff to have suit brought for the corporation by the board of directors, or the reasons for not making any such efforts.

Tex.Rev.Civ.Stat.Ann. art. 5.14B(1) and B(2)(a) and (b) (Vernon 1980).

Appellees offered a copy of North River's request for admissions upon plaintiffs as their summary judgment evidence that Crowley was not a shareholder or an owner of any beneficial interest in the First National Bank of Bellaire on November 7, 1980, the day of the alleged wrongful transaction, and that he thus lacked standing to file this lawsuit. These requests read as follows:

*Request for Admission No. 1:*

That Plaintiff Jim Crowley first became a shareholder of the First National Bank of Bellaire on August 12, 1981.

*Request for Admission No. 2:*

That, prior to the date of August 12, 1981, James Crowley owned no shares of the First National Bank of Bellaire.

Appellant Crowley failed to respond in any way to these requests for admissions. It is well established that where a party fails to timely answer requests for admissions, that party will be precluded from offering summary judgment proof contrary to those admissions, because an unanswered admission is, after due notice, automatically deemed admitted. Tex.R.Civ.P. 169; *Velchoff v. Campbell,* 710 S.W.2d 613 (Tex.App.—Dallas 1986, no writ). Admissions, once made or deemed by the court, may not be contradicted by any evidence, whether in the form of live testimony or summary judgment affidavits. *Henke Grain Co. v. Keenan,* 658 S.W.2d 343, 347 (Tex.App.—Corpus Christi 1983, no writ); *see also Smith v. Home Indem. Co.,* 683 S.W.2d 559, 562 (Tex.App.—Fort Worth 1985, no writ). Failure to timely respond to a request for admissions deems the request admitted under Tex.R.Civ.P. 169(1). Any matter deemed admitted under rule 169 is conclusively established as to the party making such admission, unless on motion it is withdrawn or amended with permission of the court. *Velchoff v. Campbell,* 710 S.W.2d at 614; *Smith v. Home Indem. Co.,* 683 S.W.2d at 562; *see generally* Hittner, *Summary Judgments*

*in Texas*, 22 Hous.L.Rev. 1109, 1122–23 (1985).

■ Further, Crowley admitted in his deposition that he had purchased his shares of bank stock in 1981 through Bob Vickery, but he did not know who Vickery had purchased them from. This deposition testimony, together with the default on the request for admissions, conclusively establish that Crowley neither owned the bank stock on November 7, 1980, nor thereafter acquired the stock "by operation of law" under art. 5.14B(1). Article 5.14 clearly makes it essential that the plaintiff be a shareholder at the time of the events of which he complains.

Because the Tex.Bus.Corp. Act, art. 5.14, requires such a contemporaneous ownership interest, as stated above, as a prerequisite to filing a derivative suit, the suit was not properly brought by Crowley, and did not toll limitations. *See Langston v. Eagle Publishing Co.*, 719 S.W.2d 612 (Tex.App.—Waco 1986, writ ref'd n.r.e.). Crowley never had the capacity, as a matter of law, to prosecute a claim on behalf of himself or other shareholders of the Bank for the reason that he was not a shareholder at the time of the alleged act of negligence. The contemporaneous ownership requirement, adopted by the majority of jurisdictions by statute, court rule, or case law, and by the federal courts, reflects a sound public policy—to prevent a subsequent purchaser of shares from speculating in litigation and purchasing grievances to institute lawsuits against corporate officers and directors. One who buys stock in a corporation cannot maintain a stockholders' derivative suit if the wrongs complained of were completed before his acquisition of the stock. *Bateson v. Magna Oil Corp.*, 414 F.2d 128, 130 (5th Cir.1969).

In their motions for summary judgment, appellees asserted that the 10 new plaintiffs who sought to join in the litigation were time-barred from prosecuting their claim because they first alleged such claims long after expiration of the applicable two-year statute of limitations. As summary judgment proof, appellees offered a copy of Crowley's original petition in which Crowley stated that the complained of transaction occurred on November 7, 1980, and a copy of Crowley's fourth amended original petition, filed January 9, 1987, in which the 10 new plaintiffs sought to join the lawsuit. The time span—in excess of six years between the date of the complained of transaction and the date on which the new plaintiffs sought to become parties—is evidence sufficient to support the assertion of the appellees, as defendants, that the two-year statute of limitations had run.

Appellants, as the plaintiffs below, failed to timely file any summary judgment evidence, in response to the defendants'/appellees' motion, that controverted the defendants' allegation and supporting evidence that the statute of limitations had run as to the newly joined plaintiffs. On appeal, appellants now seek to argue and present evidence, *for the first time*, that the trial court erred in holding that suit by each of them was barred by limitation. It is firmly settled that "[g]rounds not raised in the trial court in opposition to a summary judgment motion are precluded from consideration on appeal." *Lane v. Dickinson State Bank*, 605 S.W.2d 650, 653 (Tex. Civ.App.—Houston [1st Dist.] 1980, no writ). Pursuant to rule 166–a, Tex.R. Civ.P.,

> [i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

In *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979), the Texas Supreme Court held that,

> The word "written" modifies not only the word "motion," but also the words "answer" and "other response." The "issues" required by the rule to be "expressly presented" are those pointed out to the trial court in written motions, written answers or written responses to the motion. . . .

> Thus, both the reasons for the summary judgment and the objections to it must be in writing and before the trial judge at the hearing. The appellate court which must later decide whether the is-

sue was actually presented to and considered by the trial judge will then be able to examine the transcript and make its determination. To permit "issues" to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a practice neither necessary nor appropriate to the purposes of such a hearing.

*Id.* at 677 (citing *Richards v. Allen,* 402 S.W.2d 158, 161 (Tex.1966)).

The Texas Supreme Court's interpretation of rule 166–a(c) of the Tex.R.Civ.P. has been applied consistently since the *Clear Creek* decision. *See Hudson v. Wakefield,* 711 S.W.2d 628, 630 n. 1 (Tex.1986); *State Board of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986).

 Although appellants filed numerous depositions of the newly joined plaintiffs in support of their appeal, none of these depositions was timely filed in the trial court *before* the final summary judgment order was signed. Indeed, to be used as summary judgment evidence, depositions must be signed and filed with the court *at the time the motion is heard. See Velde v. Swanson,* 679 S.W.2d 627, 630 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). None, therefore, is eligible for our consideration on appeal.

Points of error one through eleven are overruled.

The judgment of the trial court is affirmed.