Shelly SHAW, Appellant,

v.

**NATIONAL COUNTY MUTUAL FIRE INSURANCE CO., Appellee.**

No. 01–86–0320–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1986.

Roy W. Smith, Smith, Howard & Watson, Houston, for appellant.

Marc A. Young, Law Offices of Kenneth N. Knox, Houston, for appellee.

Before DUGGAN, COHEN and DUNN, JJ.

OPINION

DUNN, Justice.

Appellant, Shelly Shaw (Shaw) appeals an instructed verdict for appellee, National County Mutual Fire Insurance Co. (National), in the amount of $1,391.98. We affirm.

National insured Shaw's automobile, which was involved in a three-car accident. National paid Shaw $1,391.98 for her property damage. Shaw also recovered $1,689.66 for property damage from Hartford Insurance Company, which insured another car in the accident, and released Hartford from all liability. On learning of the Hartford recovery, National sued Shaw to recover the $1,391.98 it had paid her. In its original petition, National asserted:

> The Defendant has been paid twice for the damages to her vehicle, and by signing a Release for the Hartford Insurance Company, prevented the Plaintiff from seeking damages against the responsible party.... The Defendant, by signing a Release, violated the terms of her insurance policy and prevented Plaintiff from making a recovery from the responsible party.

Shaw admitted during trial that she released Hartford with knowledge that the release terminated her own and National's rights against any third party for claims arising from the accident. Shaw also admitted in response to National's first requests for admissions:

1. That she had a policy of insurance in effect on June 27, 1982, with National;

2. That the policy had a provision covering property damage to her automobile;

3. That the policy insured a 1980 Chevrolet vehicle;

4. That she was involved in an automobile accident on June 27, 1982 and made a claim under the policy for damage to her vehicle;

5. That she was paid $1,391.98 by National for the damage to her vehicle caused by the accident;

6. That she was paid $1,689.66 by Hartford for the damage to her vehicle as a result of the accident of June 27, 1982;

7. That she signed a release when she received this money from Hartford releasing any cause of action that she might have as a result of this accident;

9. That on or about October 11, 1984, demand was made upon her by National to refund the amount National had paid her;

11. That the money received from National and Hartford was for the damage to her vehicle that occurred on June 27, 1982.

National also submitted a second request for admissions to Shaw. Before considering Shaw's points of error one and two relating to whether the trial court properly granted an instructed verdict, we must first address the effect of her failure to timely file answers to National's second request for admissions, number 1 and 2, set out below:

(1) Shelly Shaw has not refunded any portion of the One Thousand Three Hundred Ninety-One and 98/100 Dollars ($1,391.98) received by her from National County Mutual Fire Insurance Company.

(2) Shelly Shaw owes National County Mutual Fire Insurance Company One Thousand Three Hundred Ninety One and 98/100 Dollars ($1,391.98) as a result of receiving payments from both The Hartford Insurance Company and National County Mutual Fire for the damage to her vehicle as a result of the collision of June 28, 1982.

Appellant was served this request for admission on October 30, 1985, as is evidenced by her attorney's acknowledgement of receipt on the "green card," which is a part of this record. The record contains a certificate of service by appellant's attorney that the answers to the admissions were mailed to National by certified mail on December 3, 1985. The certificate of service signed by appellant's attorney complies with Tex.R.Civ.P. 21a. Such a certificate is prima facie evidence of the date of service, i.e., December 3, 1985, and it is self-evident that appellant's admissions 1 and 2 were not timely answered, the expiration of the 30 days being November 30, 1985. *See Costello v. Johnson*, 680 S.W.2d 529, 531 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); Tex.R.Civ.P. 21a.

When appellant did not timely answer the request for admissions, or move for more time to answer, they were deemed admitted by operation of Tex.R.Civ.P. 169. This is so whether or not the district court signed an order deeming the request admitted. *Packer v. First Texas Savings Association*, 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). If Shaw did not desire to have the request for admissions deemed admitted, it was her responsibility, not National's, to file a motion and seek a hearing. *Id.*

We find that the appellant waived whatever complaint she may have had with regard to the untimely answered admissions, and admissions 1 and 2 were deemed admitted.

With this finding in mind, we turn to appellant's points of error relating to whether the court properly granted an instructed verdict.

In reviewing an instructed verdict, the evidence must be considered in the

light most favorable to the losing party. *White v. Southwestern Bell Telephone Co.*, 651 S.W.2d 260, 262 (Tex.1983). If there is any conflicting, probative evidence in the record, the jury should decide the issue. *Id.* An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not then introduce controverting testimony in any legal proceeding related to the action. *Smith v. Home Indemnity Co.*, 683 S.W.2d 559, 562 (Tex.App.—Fort Worth 1985, no writ).

█ Because deemed admission 2 was the ultimate fact in dispute, it alone supports an instructed verdict without additional evidence. *Laycox v. Jaroma, Inc.*, 709 S.W.2d 2 (Tex.App.—Corpus Christi 1986, no writ) (affirming summary judgment based on deemed admissions that vessel was "seaworthy" and defendants were "not negligent").

However, the question is whether or not unobjected to testimony elicited in this case during trial that controverts admissions, or deemed admissions, waives the effect of the respective admission.

An examination of the record and testimony presented at trial reveals that Shaw testified that the money she received from National was for damage to the front of her car (Admission 5) and the money she received from Hartford was for damage to the back of her car (Admission 6). This was objected to as not being an issue; however, the objection was overruled. She later testified that her husband told her this, and the testimony was then objected to and sustained as hearsay. There was unobjected to testimony from Shaw's husband that the money from National did not cover the total damage to the vehicle. Shaw's husband testified that he hit the car in front of his car before the "third party" hit his car in the rear. National's attorney initially objected to "this line of testimony as not having anything to do with this car," but the objection was overruled after Shaw's attorney stated, "I can prove this up." The testimony then continued without further objection to the husband's admission of liability with regard to the front-

end of the automobile and third party liability as to the rear-end, and that National's check was for front-end damage, and Hartford's check was for damage to the rear.

It appears from the record that National objected to certain controverting testimony of Shaw that was improperly allowed in by the court. Further, even though there was unobjected to testimony of the husband that possibly controverted Shaw's admissions 5 and 6, it did not directly deny, or controvert, Shaw's deemed admission 2.

Viewed in the light most favorable to Shaw, there is no probative evidence of the quality that would constitute a waiver of Shaw's admission that she owes National $1,391.98, the ultimate fact in this case.

Appellant's points of error one and two are overruled.

The judgment of the trial court is affirmed.