**BENGER BUILDERS, INC. and Bennie W. Clawson, Appellants,**

v.

**BUSINESS CREDIT LEASING, INC., Appellee.**

No. 01–88–00149–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 1988.

On Rehearing Feb. 17, 1989.

Gary L. McConnell McConnell & Klement, Angleton, for appellants.

Amelia Ribnick, Houston, for appellee.

Before WARREN, DUGGAN and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a summary judgment on a suit on a sworn account involving the leasing of a telephone system by appellants. In its sole point of error, appellants allege that the trial court erred in granting summary judgment.

The standard of appellate review of summary judgments is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact

as to one or more of the essential elements of the movant's cause of action or defense. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Corp.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

Appellant argues that the trial court based the judgment in part on admissions improperly deemed admitted for failure to timely respond to the request. Appellant also complains that it did not receive the required 21 days notice prior to hearing and that, because the disputed payments arise out of a lease of goods, a sworn account proceeding is an inappropriate vehicle for appellee's remedy.

Appellee's motion for summary judgment cites Tex.R.Civ.P. 169 and appellant's alleged untimely filing of its response to appellee's request for admissions. No motion is required to deem the admissions admitted when the party fails to timely respond. Tex.R.Civ.P. 169(1).

Appellee, Business Credit Leasing, Inc. ("BCL"), filed with the court and mailed to appellant, Benger Builders, Inc. ("Benger"), requests for admissions on August 4, 1987. Under Tex.R.Civ.P. 169, a request for admissions is deemed admitted if the party fails to file a response within 30 days. However, under Tex.R.Civ.P. 21a the prescribed period is extended by three days if service or notice is delivered to the party by mail. This provision of the rules was applied to requests for admissions in *Henke Grain Co. v. Keenan*, 658 S.W.2d 343, 346 (Tex.App.—Corpus Christi 1983, no writ). Thus, in the case before us, Benger had 33 days in which to respond to the request for admissions. The 33rd day fell on Sunday, September 6, 1987. Under Tex.R.Civ.P. 4, when the last day of a computed period falls on a Saturday, Sunday, or legal holiday, the period shall run to the next day that is not a Saturday, Sunday or legal holiday. Here the following day, Monday, September 7, 1987, was the first Monday in September, Labor Day, a legal

**338**

holiday under Tex.Rev.Civ.Stat.Ann. art. 4591 (Vernon Supp.1988). Appellants filed answers to the request for admissions on September 8, 1987. We hold that rule 21a, providing an additional three days to the timetable if the pleading is mailed, and rule 4, extending the period for timely filing of a pleading to the next day that is not a Saturday, Sunday, or legal holiday, are both applicable to requests for admissions under rule 169.

■ Benger timely filed its response to BCL's motion for summary judgment on October 13, 1987, the seventh day prior to the date of hearing. A response to a motion for summary judgment may be filed on the seventh day before the hearing. *Volvo Petroleum, Inc. v. Getty Oil Co.*, 717 S.W.2d 134, 137–38 (Tex.Civ.App.—Houston [14th Dist.] 1986, no writ); *see* Hittner & Liberato, *Summary Judgments in Texas*, 20 St. Mary's L.J. 243, 247–248 (1989). Benger's response to BCL's motion for summary judgment was timely and should have been considered by the court below.

■ In view of the foregoing, we hold that Benger's response to BCL's request for admissions and response to the motion for summary judgment were timely and should have been considered by the trial court. We have reviewed these responses and determined that material fact issues are raised, as to both the amount of the claim and whether the lease agreement amounted to an installment sales contract requiring notice of the sale of the collateral subsequent to its repossession. Summary judgment is therefore precluded. Tex.R. Civ.P. 166a.

Appellant's sole point of error is sustained.

The judgment of the trial court is reversed and the cause remanded to the trial court.

## OPINION ON REHEARING

DUNN, Justice.

On its own motion, the Court withdraws its previous order of denial of rehearing and issues the following opinion:

On motion for rehearing, the appellee cites *Shaw v. National County Mutual Fire Ins. Co.*, 723 S.W.2d 236 (Tex.App.—Houston [1st Dist.] 1986, no writ), in support of its contention that only 30 days should be counted as the time in which a response to requests for admissions must be filed.

In this Court's opinion in *Shaw*, we determined the due date by counting 30 days from the date on which the request for admissions was "served," not mailed, because there was only evidence of that "date of service." The record did not contain a proper certificate of service, showing the date mailed, by the attorney requesting the admissions. There being no indication of the date of mailing, the only reliable evidence acknowledged by both parties was that "service" occurred on October 30.

Rule 21a provides that, if the documents are mailed, time limits are extended by three days from the date mailed. In *Shaw*, we did not apply this extension because there was no evidence of the date of mailing, to invoke the three-day rule. We thus counted only 30 days from service, per rule 21a. Where the record does not show by proper means, pursuant to rule 21a, the date *mailed*, the parties may not extend their time limits for response by invoking the three-day rule.

However, in *Shaw*, even if 33 days had been counted from the acknowledged date of service, October 30, the result would have been the same, i.e. the response was late.

In this case, the record contains evidence of the date of mailing. Therefore, the three-day extension of rule 21a was properly applied.

The motion for rehearing is overruled.