IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-92-240-CV






LEONARD KRAFT,



 APPELLANT



vs.






PIONEER HI-BRED INTERNATIONAL, INC. AND EUGENE A. MOELLER,



 APPELLEES




 




FROM THE COUNTY COURT AT LAW OF COMAL COUNTY, 



NO. 91CV-280, HONORABLE FRED CLARK, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from a summary judgment rendered in a suit on a debt evidenced
by a written agreement. We will reverse the trial court's judgment in part and affirm it in part.



BACKGROUND


 Pioneer Hi-Bred International, Inc. is a manufacturer and distributor of seeds. 
Eugene A. Moeller is a Pioneer sales representative. In 1986 and 1989, Pioneer, through
Moeller, sold Leonard Kraft (Kraft) seeds. Kraft did not pay for the seeds he bought in 1986, so
Moeller himself paid to Pioneer the amount Kraft owed for the 1986 seed purchase. Kraft made
a partial payment of $1000.00 on the remaining account balance. On April 5, 1991, Kraft signed
an installment payment agreement in which he agreed to pay to Pioneer and Moeller by September
1, 1991, the sum of $17,481.30, representing the total amount of the indebtedness owed to
Pioneer and Moeller. On September 20, 1991, appellees Pioneer and Moeller filed suit against
Kraft alleging that Kraft had defaulted on the agreement. Kraft filed a general denial. (1)

 On December 30, 1991, appellees filed a motion for summary judgment. They
supported their motion with two affidavits: Moeller's affidavit, to which is appended a copy of
the installment payment agreement, and the affidavit of Marion J. Borchers, their attorney. On
February 6, 1992, Kraft filed his response to the motion for summary judgment, supported by the
affidavit of his wife, Doris Kraft, and the affidavit of Kraft's counsel, Edward M. Lavin. On
February 13, 1992, the trial court heard the motion for summary judgment. On February 24,
1992, the trial court signed its final summary judgment in favor of appellees. Thereafter, Kraft
filed a notice of substitution of counsel because Lavin had become a material witness. Kraft then
filed a motion for new trial to which he attached a second affidavit of Edward M. Lavin. 
Appellees filed a response to the motion for new trial. The trial court heard the motion for new
trial and, on April 22, 1992, the trial court signed an order overruling the motion. Kraft appeals
from the trial court's judgment.



DISCUSSION


 In his first point of error, Kraft asserts that the trial court erred in granting
summary judgment. See Malooly Bros. Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). The
standards for reviewing a motion for summary judgment are well established. The movants for
summary judgment have the burden of showing that no genuine issue of material fact exists and
that they are entitled to judgment as a matter of law. In deciding whether a disputed material fact
issue precluding summary judgment exists, evidence favorable to the nonmovant will be taken as
true. This Court must indulge every reasonable inference in favor of the nonmovant and resolve
any doubts in his favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).

 Kraft argues that Moeller's affidavit is not competent summary-judgment proof
because it does not recite how Moeller acquired personal knowledge "relative to the position of
Pioneer as to offsets, amounts owing, payments, or credits" concerning Kraft's indebtedness. 
Kraft further alleges that the affidavit does not state how Moeller knew Pioneer had executed and
accepted the agreement. We may consider these objections to Moeller's affidavit only if they
were presented to the trial court. Tex. R. Civ. P. 166a (issues not expressly presented to trial
court by written motion, answer or other response shall not be considered on appeal as grounds
for reversal).

 Kraft's only summary-judgment proof consists of the affidavits attached to his
response to appellees' motion for summary judgment. Appellees assert that Kraft's response was
not timely filed and that the trial court did not abuse its discretion in failing to consider the matters
Kraft raised therein. We disagree that Kraft's response was not timely. Kraft filed his response
on February 6, 1992. The hearing on the motion for summary judgment was on February 13,
1992. Rule 166a(c) provides, in pertinent part, that "[e]xcept on leave of court, the adverse party,
not later than seven days prior to the day of hearing may file and serve opposing affidavits or
other written response." Tex. R. Civ. P. 166a(c) (emphasis added). The emphasized language
means that the response is timely if filed on the seventh day before the hearing. Volvo Petroleum,
Inc. v. Getty Oil Co., 717 S.W.2d 134, 138 (Houston [14th Dist.] 1980, no writ). Accordingly,
Kraft's response was filed timely. (2) Even so, Kraft has waived his objections to the Moeller
affidavit because his response did not raise the objections he now urges on appeal. Tex. R. Civ.
P. 166a(c); Woods Exploration & Producing Co., Inc. v. Arkla Equip. Co., 528 S.W.2d 568, 570-71 (Tex. 1975) (complaint that affidavit did not show how affiant had personal knowledge of facts
recited, waived by failure to object to affidavit).

 Kraft asserts that the pleadings do not support summary judgment. Specifically,
Kraft argues that no agreement was attached to Moeller's and Pioneer's petition and they did not
incorporate the agreement into the pleadings or attach the agreement to the pleadings as an exhibit;
therefore, a judgment based on the agreement is error. This argument is also raised for the first
time on appeal and is waived. Tex. R. Civ. P. 166a(c); State Bd. of Ins. v. Westland Film Indus.,
705 S.W.2d 695, 696 (Tex. 1986) (issues not expressly presented to the trial court by written
motion, answer, or other response shall not be considered on appeal as grounds for reversal). 
Additionally, even though it is true that Moeller and Pioneer failed to attach the agreement to their
petition, this is irrelevant to the question whether summary judgment was proper, because the
summary-judgment proof in support of the motion for summary judgment determines whether
appellees are entitled to summary judgment as a matter of law. Moeller's and Pioneer's motion
for summary judgment recites, in pertinent part:



This cause is a suit on a debt . . . as shown on Exhibit "A" attached to the affidavit
of Eugene A. Moeller offered in support of this Motion with said Exhibit "A"
being incorporated herein by reference as if fully set out herein.


This Motion is based on the pleadings on file in this cause. . . . [D]efendant's
Answer is not a properly sworn denial of the execution of the document which is
the basis for this lawsuit and which is attached to the Affidavit of EUGENE A.
MOELLER in support of this Moiton [sic] as Exhibit "A" with said Exhibit "A"
incorporated herein by reference as if fully set out herein.



Appellees' summary-judgment proof includes Moeller's affidavit to which a copy of the agreement
is attached.

 Kraft next argues that a genuine issue of material fact exists regarding the amount
of attorney's fees awarded appellees. Specifically, Kraft argues that the award was excessive and
not in relation to the usual and customary fees for work of this nature. The claim for attorney's
fees is based on a fixed percentage clause of the agreement. (3) The agreement provides that "in the
event that the total indebtedness recited is not fully paid, a sum of not less than twenty-five
percent (25%) of the amount owing at any one time will become owing as attorney's fees." Both
Moeller's and Borchers' affidavits in support of the motion for summary judgment contain
recitations regarding the reasonableness of the attorney's fees provided for by the fixed percentage
clause. Moeller's affidavit recites that the written agreement provides for attorney's fees in the
amount of twenty-five percent of the amount awarded by the court "as reasonable attorney's fees." 
Borchers' is appellees attorney of record. His affidavit recites, in pertinent part, that he "is
entitled to receive 25% of all amounts awarded" by the court "including principal and interest,
as reasonable attorney's fees" for the prosecution of appellees' claims. 

 In opposition to appellees' summary-judgment proof in support of their claim for
attorney's fees, Kraft offered the affidavit of his counsel of record, Edward M. Lavin. Lavin's
affidavit recites in pertinent part:



I am familiar with the work necessary in cases such as this and with the usual and
customary attorneys fees in Comal County, Texas.


Attorney Marion J. Borchers has attached [sic] to Plaintiffs' Motion for Summary
Judgment seeking at least $4,370.00 and perhaps as much as $6,500.00 or more
in attorneys fees in this matter. From my examination of the file and work
performed, it does not appear to me that these fees are reasonable or that services
were performed in relation to the usual work in a case of this nature.


In my opinion, the attorneys fees sought by Plaintiffs are neither reasonable nor
necessary but in fact are grossly excessive. In my opinion the attorneys fees do not
bear a rational relationship to the usual and customary work or fees for work of
this nature in Comal County, Texas.



 The reasonableness of attorney's fees is a question of fact and must be supported
by competent evidence. Nguyen Ngoc Giao v. Smith & Lamm, P.C., 714 S.W.2d 144, 148 (Tex.
App.--Houston [1st Dist.] 1986, no writ). An affidavit by an attorney representing a party in a
suit, concerning an award of attorney's fees, whether in support or in contradiction of an amount
claimed to be reasonable, is admissible in a summary-judgment proceeding and is considered
expert testimony. Moreover, the opinion of an interested expert witness is competent summary-judgment proof and can raise an issue of material fact to defeat a summary judgment. Id.

 Even if we assume that the agreement and Moeller's and Borchers' affidavits
would, by themselves, have been conclusive proof of reasonableness, Lavin's affidavit raised a
fact issue. See Kuper v. Schmidt, 338 S.W.2d 948, 950-51 (Tex. 1960); Highland Cable
Television Inc. v. Wong, 547 S.W.2d 324, 328 (Tex. Civ. App.--Austin 1977, writ ref'd n.r.e.). 
The trial court, therefore, erred in granting appellees summary judgment on their claim for
attorney's fees. We sustain Kraft's first point of error only as to the award of attorney's fees and
overrule the point in all other respects.

 In his second point of error, Kraft asserts that the trial court erred in denying his
motion for new trial (4) based on the discovery of new evidence. The grant or denial of a motion
for new trial is a matter for the trial court's discretion. Strackbein v. Prewitt, 671 S.W.2d 37,
38 (Tex. 1984). We apply the abuse of discretion standard when the motion for new trial raises
newly discovered evidence. Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex. 1983).

 Kraft first asserts that Moeller admitted that Kraft had made payments on the
indebtedness which had not been off-set against the indebtedness. In support of this contention,
Kraft directs this Court to Lavin's affidavit in support of Kraft's motion for new trial. Lavin's
affidavit recites that Doris Kraft confronted Moeller during a conference held before the hearing
on the motion for summary judgment. She asked Moeller about $3000.00 he owed her husband. 
Lavin recites that Moeller admitted that he owed Kraft $3000.00 and that the appellees' attorney,
Borchers, knew Moeller owed Kraft money. (5) 

 Second, Kraft alleges that he paid that portion of the indebtedness related to the
1989 seed purchase. Lavin's affidavit attached to Kraft's motion for new trial recites, in pertinent
part:



At the February 13, 1992, hearing Doris Kraft, who at my instruction had been
searching through her husband's records, found and produced for me a cash receipt
to Mr. Kraft for a payment of $9,125.30, the exact amount of the 1989 debt,
signed by Moeller. This document was generated by Pioneer. No mention of it
was made by the Plaintiffs in their pleadings or Motion for Summary Judgment.



Lavin goes on to recite that the form consists of three parts: an invoice part, receipt part, and
refund part. The "invoice" and "receipt" portions are filled in and the document is signed by
Moeller and Kraft. Lavin's affidavit recites that, in his opinion, the form is a signed receipt
acknowledging payment of the same debt for which the plaintiffs now sue. Lavin further recites
that he attempted to inform the judge at the summary-judgment hearing that Lavin had just
discovered the receipt and could not have diligently discovered it sooner. The receipt is not
attached to Lavin's affidavit and is not a part of the record on appeal.

 Generally, affidavits filed with a motion for new trial come too late, as the trial
court must consider the record only as it appears when the motion for summary judgment is heard. 
A motion for new trial based upon newly discovered evidence may be considered after the hearing
on the motion for summary judgment if affidavits containing admissible competent evidence
support the motion. Fulton v. Duhaime, 525 S.W.2d 62, 64 (Tex. Civ. App.--Houston [1st Dist.]
1975, writ ref'd n.r.e.). To obtain a new trial on the basis of newly discovered evidence, the
moving party must show: (1) that the evidence came to his knowledge after trial; (2) it was not
owing to want of diligence that it did not come sooner; (3) that it is not cumulative; and (4) that
it is so material that it would probably produce a different result if a new trial were granted. 
Jackson, 660 S.W.2d at 809.

 Kraft did not plead the affirmative defense of payment. See Tex. R. Civ. P. 94. 
In his response to the motion for summary judgment, Kraft did not raise the issue that all offsets
had not been credited against the indebtedness or that he had paid the portion of the indebtedness
related to his 1989 seed purchase. Because Kraft failed to raise a fact issue in his response
regarding the matters raised in his motion for new trial, those facts were not timely presented to
the trial court and cannot be considered on appeal unless the trial court abused its discretion when
it denied Kraft's motion for new trial. Black v. Wills, 758 S.W.2d 809, 818 (Tex. App.--Dallas
1988, no writ).

 We do not believe that the matters raised in Kraft's motion for new trial are newly
discovered evidence. First, Kraft has not shown that the information came to him after the
hearing on the motion for summary judgment. Lavin's affidavit recites that Doris confronted
Moeller about the $3000.00 he owed her husband in a conference before the hearing on the motion
for summary judgment. Doris also produced the "cash receipt" before the hearing. Additionally,
while Lavin recites that he was "thunderstruck" by this new evidence, the record does not reflect
that he sought leave to file an amended response or an affidavit seeking a continuance. See Tex.
R. Civ. P. 1661(c), (g). Furthermore, even if Lavin first learned on February 13th of the receipt
and Moeller's $3000.00 debt to Kraft, this does not excuse Doris or Leonard Kraft's lack of
diligence.

 This lawsuit was filed on September 20, 1991. Doris Kraft's affidavit recites that
she manages the books and records for her husband's farming activities. She had over four
months to review the books and records to determine if Kraft made the payment now claimed or
whether Kraft could claim any just offsets against the indebtedness. Even if we assume that Doris
Kraft did not discover the receipt or have reason to inquire about Moeller's debt to her husband
before the day of the hearing, the trial court could have reasonably concluded that with due
diligence she should have.

 Kraft argues that the rules applied to a party seeking a new trial on the basis of
newly discovered evidence apply to a trial on the merits and that in a summary-judgment
proceeding it is sufficient if the affidavit reflects the issues of fact and is brought to the attention
of the court, citing City of Mesquite v. Scyene Investment Co., 295 S.W.2d 276, 281-282 (Tex.
Civ. App.--Dallas 1956, writ ref'd n.r.e.). We disagree. Furthermore, since Scyene, the Dallas
Court of Appeals has considered precisely this argument and rejected it. See Black, 758 S.W.2d
at 817-18. The trial court overruled Kraft's motion for new trial on the grounds that Kraft did
not present new evidence and failed to present any grounds for granting the motion. On the
record before us, we cannot say that the trial court abused its discretion in overruling Kraft's
motion for new trial. We overrule Kraft's second point of error.



CONCLUSION


 A fact issue exists regarding the reasonableness of the attorney's fees awarded the
appellees. Thus, the trial court erred in awarding Pioneer and Moeller summary judgment on
their claim for attorney's fees. Accordingly, the portion of the judgment of the trial court that
awards Pioneer and Moeller attorney's fees against Kraft is reversed and that portion of the cause
is remanded to the trial court. See Tex. R. App. P. 81(b)(1). The remainder of the judgment of
the trial court is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Remanded in Part; Affirmed in Part

Filed: April 28, 1993

[Do Not Publish]

1. [1]  On February 20, 1992, Kraft filed a second amended original answer. On February 27,
1992, Pioneer filed a motion to strike Kraft's second amended original answer, alleging that Kraft
filed the amended answer after the trial court had already heard and granted Pioneer's motion for
summary judgment. On March 16, 1992, the trial court signed an order granting the motion to
strike on the basis that the amended answer was not filed timely. The record does not reflect that
Kraft objected to his amended answer being stricken and he does not assert on appeal that the trial
court erred in doing so. Accordingly, matters raised only in the amended answer are not
properly before us on appeal.
2. [2]  Pioneer cites Nickerson v. E.I.L. Instruments, Inc., 817 S.W.2d 834, 836 (Tex.
App.--Houston [1st Dist.] 1991, no writ) for the proposition that Kraft had until only February 5,
1992, to file his response. In Nickerson, the hearing on the motion for summary judgment was
scheduled for July 9, 1990. Nickerson filed his response on July 2, 1990. The court of appeals
in Nickerson held that Nickerson had until July 2, 1990, to file his response without leave of
court. Pioneer argues that this means Nickerson's period for filing without leave of court expired
on July 1, 1990. This is not what the opinion says. Furthermore, such an interpretation conflicts
with the court's opinion in Benger Builders, Inc. v. Business Credit Leasing, Inc., 764 S.W.2d
336, 338 (Tex. App.--Houston [1st Dist] 1988, writ denied); see also Allen v. Roddis Lumber &
Veneer Co., 796 S.W.2d 758, 761 (Tex. App.--Corpus Christi 1990, writ denied); Reynolds v.
Wilder, 768 S.W.2d 463, 464 (Tex. App.--Tyler 1989, no writ) (cases holding that response filed
on seventh day before hearing on motion for summary judment is deemed filed timely without
necessity of leave of court).
3. [3]  A party may recover attorney's fees only if a contract or statute authorizes such recovery. 
New Amsterdam Casualty Co. v. Texas Indus., Inc., 414 S.W.2d 914, 915 (Tex. 1967).
4. [4]  The trial court took Kraft's motion for new trial to be a motion for rehearing. This Court
has held that in the summary-judgment context, a motion for rehearing is the equivalent of a
motion for new trial. Hill v. Milani, 678 S.W.2d 203, 205 (Tex. App.--Austin 1984), aff'd, 686
S.W.2d 610 (Tex. 1985). Accordingly, we apply the rules applicable to a motion for new trial
based on newly discovered evidence in determining whether the trial court erred in denying
Kraft's motion. 
5. [5]  Lavin's affidavit does not recite that Moeller's debt to Kraft is related to the indebtedness
evidenced by the agreement. Rather, Lavin''s affidavit recites that Borchers told Lavin "I'm not
involved in that, its a separate matter."