# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00111-CV

**Ruth Prestwood, Kate Wilson, both Individually and on behalf of The Estate of Clyde L. Prestwood, Appellants**

**v.**

**Stephen Settle, M.D., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-06-002800, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Ruth Prestwood and Kate Wilson, individually and on behalf of the estate of Clyde L. Prestwood (collectively, "Prestwoods"), appeal the trial court's order dismissing their health care liability suit against Dr. Stephen Settle, M.D., and awarding Dr. Settle attorney's fees. The trial court found that the Prestwoods failed to serve an expert report and curriculum vitae within the prescribed 120-day period under chapter 74 of the civil practice and remedies code, mandating dismissal of their suit and the award of reasonable attorney's fees to the affected health care provider. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a), (b) (West Supp. 2007). Because we conclude that dismissal was required and that the attorney's fee award was reasonable, we affirm the judgment of the trial court.

## BACKGROUND

The relevant facts of this case are not in dispute. The Prestwoods filed a medical-malpractice suit against Dr. Settle on August 3, 2006, alleging that he negligently performed an aortic-aneurysm repair on Clyde Prestwood, resulting in complications that proximately caused Mr. Prestwood's death.[1] Their suit was a health care liability suit governed by chapter 74 of the civil practice and remedies code. *See id.* §§ 74.001-.507 (West 2005 & Supp. 2007). Under chapter 74, the Prestwoods were required to serve Dr. Settle with copies of an expert report and their expert's curriculum vitae within 120 days of filing suit. *See id.* § 74.351(a) (West Supp. 2007).[2] The statute further provides that if the claimant fails to serve an expert report and curriculum vitae within the 120-day period, then the trial court, on the motion of the affected physician or health care provider, shall award to the affected physician or health care provider reasonable attorney's fees and dismiss the claim with prejudice. *Id.* at § 74.351(b).

The parties agree that the 120-day deadline was December 1, 2006, and that this date, a Friday, was neither a weekend nor a legal holiday.[3] The Prestwoods first served Dr. Settle with

---

[1] At the time the original petition was filed, the Prestwoods were acting pro se; they were represented by counsel as of the date of their first amended petition, which was filed December 4, 2006.

[2] The expert report provides a summary of the expert's opinions regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (West Supp. 2007).

[3] The parties further acknowledge that the statutory date for service of the expert reports and curricula vitae was not extended pursuant to a written agreement. *See id.* § 74.351(a) ("The date for serving the report may be extended by written agreement of the affected parties.").

their expert reports and curricula vitae on December 4, 2006, which was 123 days after they filed their original petition.

On January 3, 2007, Dr. Settle filed a motion to dismiss the Prestwoods' suit with prejudice and sought reimbursement for his attorney's fees and costs. In response, the Prestwoods asserted that rules 4, 8, and 21a of the Texas Rules of Civil Procedure required the addition of three days to the 120-day service period, making the service of their expert reports and curricula vitae on the defendant timely.[4] *See* Tex. R. Civ. P. 4, 8, 21a. Alternatively, the Prestwoods argued that section 74.351 is unconstitutional for its "overbreadth" and vagueness, that the mandatory-dismissal provision violated their due process rights under the federal and Texas constitutions, and that enforcing the 120-day period, rather than the 123-day period purportedly allowed by the rules of civil procedure, would result in a denial "of open access to this Court's processes."

A hearing on Dr. Settle's motion took place January 29, 2007. After the trial court orally granted the motion to dismiss for failure to timely serve the expert reports, counsel for Dr. Settle offered sworn testimony on the issue of reasonable attorney's fees; he testified regarding his qualifications, the rates charged by attorneys who specialize in defending physicians and health care providers, and the amount of time he had spent on matters related to the motion. He stated that the typical hourly rate charged by attorneys who specialize in health-liability defense claims is between $180 and $250 per hour and that $1,000 was a reasonable fee in this case, based on the four hours he had spent in preparing for the hearing and "returning," apparently referring to the time he had spent commuting from San Antonio for the hearing. On cross-examination, he testified that the

---

[4] The Prestwoods' argument will be explained more fully in the discussion below.

hourly rate he was actually billing his client in this case was only $175 per hour and clarified that he was in fact charging for the travel time between his office in San Antonio and the Travis County courthouse.

After the hearing, the trial court entered an order granting Dr. Settle's motion to dismiss with prejudice and awarding him $800 in attorney's fees. Among its findings of fact and conclusions of law, the trial court determined that (1) appropriate application of the law required the court to dismiss the Prestwoods' claims with prejudice and to award reasonable attorney's fees to the defendant; (2) Rule 21a of the Texas Rules of Civil Procedure is not applicable to the specific facts of this case; (3) counsel for Dr. Settle had presented competent evidence of his attorney's fees; and (4) the amount of $800 in attorney's fees was reasonable and justified.

In their first issue on appeal, the Prestwoods argue that the trial court abused its discretion in awarding attorney's fees to Dr. Settle because the evidence was factually and legally insufficient to support the award. In their second issue, they assert that the trial court abused its discretion in dismissing their suit because it failed to properly calculate the period in which they were required to serve Dr. Settle with their expert reports in light of and in accordance with the Texas Rules of Civil Procedure. Within their second issue, they offer several challenges to the constitutionality of section 74.351, asserting violations of due process, the Open Courts provision of the Texas Constitution, and the doctrine of separation of powers.

**ANALYSIS**

A logical discussion of the issues raised in this appeal requires us to first address the Prestwoods' second point of error regarding the trial court's dismissal of their suit. Chapter 74 of

the civil practice and remedies code provides that, in order to pursue a health care liability claim, a party must serve an expert report and the curriculum vitae of each expert listed in the report "not later than the 120th day after the date the original petition was filed." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West Supp. 2007). Furthermore, if an expert report is not filed within the 120-day period, the court, on the motion of the affected physician or health care provider, shall enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

*Id.* § 74.351(b). "If a claimant fails to serve the report with the curriculum vitae on or before the statutory deadline, and the affected physician or health care provider files a motion to dismiss the claim under section 74.351(b), the court has no alternative but to dismiss the claim with prejudice." *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 457 (Tex. App.—Austin 2006, no pet.).

*Dismissal*

The Prestwoods argue that the trial court erred in finding that section 74.351(b) of the civil practice and remedies code required dismissal of their suit for failure to serve an expert report and curriculum vitae within 120 days of the filing the original petition.

We review a trial court's ruling on a motion to dismiss under section 74.351(b) for an abuse of discretion. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex. 2001); *Apodaca v. Russo*, 228 S.W.3d 252, 254 (Tex. App.—Austin 2007, no pet.).

A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to any guiding rules or principles. *Walker v. Gutierrez*, 111 S.W.3d 56, 63 (Tex. 2003). When reviewing matters committed to the trial court's discretion, we may not substitute our own judgment for that of the trial court. *Id.*

It is undisputed that the Prestwoods' expert reports and curricula vitae were not filed within 120 days after their original petition was filed. The Prestwoods argue, however, that the rules of civil procedure require the addition of three days "to any period of time requiring a person to do some act, i.e., Appellants serving Appellee Defendant's counsel with the Expert Reports," thereby making their service of the reports on Dr. Settle timely. Whether the rules of civil procedure operate to extend the 120-day service period prescribed by the civil practice and remedies code is a matter of statutory construction, which we review de novo. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

The Prestwoods assert that rule 21a, read in conjunction with rules 4, 8, and 21, requires the addition of three days to the computation of time under the 120-day service period of section 74.351. They argue that, once they were served by certified mail with Dr. Settle's answer, special exceptions, and responses to their requests for disclosure, "Defendant's counsel of record essentially gave notice to Plaintiffs . . . that any required service of any pleading or other instrument would necessitate service on Defendant's lead attorney of record."[5] This notice, the Prestwoods

---

[5] There is no dispute that all of the Prestwoods' communications concerning the suit were required to be sent to Dr. Settle's counsel of record, pursuant to rule 8 of the rules of civil procedure. *See* Tex. R. Civ. P. 8 ("All communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.").

argue, "triggered the operation of Texas Rules of Civil Procedure 4, 8, 21 and particularly 21a, clearly mandating the addition of the additional three (3) day period of time within which Plaintiffs could do the act of serving the Expert Reports and corresponding *curricula vitae* on the Defendant."

Rule 21a of the rules of civil procedure governs methods of service. Tex. R. Civ. P. 21a. It states, in pertinent part:

> Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon by mail or by telephonic document transfer, three days shall be added to the prescribed period.

*Id.*[6] In this case, the Prestwoods maintain that they were a party "required to do some act within a prescribed period" because they were required to serve Dr. Settle with copies of their expert reports and curricula vitae within 120 days. Additionally, they argue that Dr. Settle's answer, special exceptions, and responses to requests for disclosure, served on them by certified mail, constituted a "notice or paper" that was served "by mail or by telephonic document transfer." Therefore, they contend, three days were required to have been added to the 120-day period.

In calculating what they argue is the correct deadline for serving the expert reports, the Prestwoods note that under rule 4, "Saturdays, Sundays and legal holidays shall be counted for purpose of the three-day periods in Rules 21 and 21a." *See* Tex. R. Civ. P. 4. Thus, the appropriate

---

[6] Rule 21a further prescribes four authorized methods of service upon a party: (1) delivery in person, by agent, or by courier-receipted delivery; (2) certified or registered mail; (3) telephonic document transfer; and (4) such other manner as the court in its discretion may direct. Tex. R. Civ. P. 21a.

deadline under their formulation would have been Monday, December 4, 2006 (the date on which the Prestwoods actually served Dr. Settle with their expert reports and curricula vitae).[7]

In addressing the Prestwood's construction of rule 21a, we note that this Court has previously held that the rules of civil procedure are applicable to health care liability claims and that "the legislature intended for claimants to comply with Texas Rule of Civil Procedure 21a to fulfill the requirements of section 74.351(a)." *See Herrera*, 212 S.W.3d at 459.[8]

We are not persuaded, however, that when Dr. Settle served his answer, special exceptions, and responses to requests for disclosure on the Prestwoods, the additional-three-day provision in rule 21a was "triggered" in order to extend the Prestwoods' deadline for serving their expert reports. Under section 74.351, the reports became due 120 days after the Prestwoods filed their original petition, not 120 days after anything was served on them by the defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). The service of the defendant's answer, special exceptions, and discovery responses therefore had no bearing on the statutorily determined time period for serving the expert reports. As the trial court explained during the hearing, "if you are

---

[7] Rule 21, which the Prestwoods also mention in their argument, provides that all pleadings, pleas, and motions must be served on all other parties and that an "application to the court for an order or notice of any hearing thereon . . . shall be served upon all other parties not less than three days before the time specified for the hearing." *See* Tex. R. Civ. P. 21. The Prestwoods do not explain the rule's relevance to this case, however, and we cannot discern how rule 21 has any impact on the requisite period for serving the expert reports.

[8] In *Herrera*, the claimant had served the expert reports by regular mail, which is not one of the four methods of service authorized by rule 21a. *See Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 458 (Tex. App.—Austin 2006, no pet.). We held that a party "who sends documents to another by regular mail—which is not authorized by rule 21a—does not comply with the 120-day service requirement in section 74.351." *Id.* at 459.

going to extend the time period because you received . . . a document, then it must be a document, the receipt of which begins a time period." We agree with the trial court's interpretation of rule 21a because even if the defendant's answer or discovery responses could be construed as a "notice or other paper" within the meaning of rule 21a, the service of these documents did not begin the 120-day time period mandated by section 74.351. *Cf. Lee v. Palo Pinto County*, 966 S.W.2d 83, 85-86 (Tex. App.—Eastland 1998, pet. denied) (summary-judgment movant was not "required to do some act within a prescribed period after the service of a notice" and therefore rule 21a did not require that three days be added to the prescribed period).

By its own terms, rule 21a applies when a party "is required to do some act within a prescribed period after the service of a notice or other paper upon him." Tex. R. Civ. P. 21a. It does not mandate the addition of three days whenever a party is required to act "within a prescribed period," but is in fact limited to only those situations where the party's action follows "after," or as a consequence of, "the service of a notice or other paper upon him." *See, e.g.*, *Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994) (rule 21a extends rule 166a's minimum-notice requirement for summary-judgment hearing by three days when motion is served by mail); *Benger Builders, Inc. v. Business Credit Leasing, Inc.*, 764 S.W.2d 336, 337-38 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (rule 21a adds three days to timetable for responding to requests for admissions when party is served with requests by mail). Here, no time period was prescribed by the service of a notice upon the Prestwoods; rather, the 120-day period in question was triggered when the Prestwoods filed their original petition. *See* Tex. Civ. Prac. & Rem. Code Ann.

9

§ 74.351(a) ("claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports").[9]

If section 74.351 had been drafted such that a claimant's 120-day period would begin to run once he is served with the defendant physician's answer, for example, then the Prestwoods might have a cognizable claim that rule 21a extends the deadline for serving the expert reports. But section 74.351 contains no such provision, and we decline to adopt an interpretation of rule 21a that would frustrate the legislature's clear mandate to make a claimant's expert reports due 120 days from the date he files his original petition. *See Mokkala v. Mead*, 178 S.W.3d 66, 74-76 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (discussing legislative history of section 74.351 and noting one purpose was to create "hard and fast deadline" for filing expert reports).

While parties are required to comply with the rules of civil procedure in health care liability suits, including rule 21a, *see Herrera*, 212 S.W.3d at 460, proper compliance is not achieved by judicially modifying chapter 74's mandatory service periods, as the Prestwoods would have us do under their interpretation of rule 21a. However, even if the Prestwoods were correct concerning the applicability of rule 21a's three-day provision, it is clear that, to the extent rule 21a conflicts with any of the requirements of chapter 74, the latter is controlling. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.002 ("In the event of a conflict between this chapter and another law, *including a rule of procedure* or evidence or court rule, this chapter controls to the extent of the conflict.") (emphasis

---

[9] *See also Mokkala v. Mead*, 178 S.W.3d 66, 73 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("The plaintiff controls when she files a petition alleging a health care liability claim, thereby triggering the commencement of the 120-[day] period within which she must serve the expert report.").

added).[10] By giving effect to the legislature's efforts to provide specific procedural rules applicable to health care liability suits in order to reduce the "excessive frequency and severity of health care liability claims," *see Mokkola*, 178 S.W.3d at 74, we do not "render meaningless" the rules of civil procedure.

In the alternative, the Prestwoods argue that section 74.351 is unconstitutionally overbroad and vague; they further allege that section 74.351 violates federal and state due process, the Open Courts provision of the Texas Constitution, and the doctrine of separation of powers. Parties asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support their contentions. Because their brief merely states or quotes from the relevant constitutional provisions without providing any relevant authority or analysis,[11] the

---

[10] *See, e.g.*, *Packard v. Miller*, No. 07-06-0454-CV, 2007 Tex. App. LEXIS 4513, at *7 (Tex. App.—Amarillo May 31, 2007, pet. denied) (rule 21a's equitable extension-of-time provision did not apply to give trial court authority to enter order extending time to file expert report, because chapter 74 sets forth "exclusive means by which a trial court may grant an extension of time to file an expert report").

[11] The Prestwoods' brief contains one string citation in a footnote quoting the standards by which courts review a vagueness challenge to a statute but offers no argument or authority suggesting that section 74.351 itself is unconstitutionally vague. Similarly, the Prestwoods cite two federal circuit cases and one treatise discussing the three-day rule contained in Federal Rule of Procedure 6(e) as authority for their due process argument, none of which addresses section 74.351. Finally, in arguing that the legislature "invaded the prerogatives of the judiciary, usurping unconstitutionally the power of the judiciary to apply the Texas Rules of Procedure," the Prestwoods cite generally a student note in a law review discussing statutory caps on medical-malpractice awards.

11

Prestwoods have failed to adequately brief their constitutional arguments, and we need not address them. *See* Tex. R. App. P. 38.1(h).[12]

We therefore hold that the trial court did not err in dismissing the Prestwoods' suit for failure to timely serve their expert reports and curricula vitae on Dr. Settle.

*Attorney's fees*

The Prestwoods complain that there was no evidence to support the attorney's fee award or, in the alternative, that the evidence was factually and legally insufficient to support the award. Citing *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997), the Prestwoods contend that there is no evidence or insufficient evidence to support a showing of the experience, reputation, and ability of counsel; the likelihood that the acceptance of the particular employment would preclude other employment by the lawyer; the fee customarily charged in the

---

[12] Even if we were to reach the Prestwoods' constitutional claims, it is clear that they have failed to raise a facial challenge to the constitutionality of section 74.351. *See Herrera*, 212 S.W.3d at 461 (to sustain facial challenge, party must show that statute, by its terms, always operates unconstitutionally, not merely assert that restrictions are arbitrary and unreasonable). With regard to the Prestwoods' due process challenge, the supreme court has held that dismissal of a suit due to the claimant's failure to file an expert report does not violate due process guarantees. *See Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003) (applying former article 4590i). Likewise, with respect to their open-courts challenge, the Prestwoods have not produced any evidence that the requirements of section 74.351 have prevented them from pursuing their claim. *See McGlothlin v. Cullington*, 989 S.W.2d 449, 453 (Tex. App.—Austin 1999, pet. denied) (burden on claimant asserting open-courts violation is to provide sufficient evidence that expert-report requirement actually acted to keep her from pursuing claim). The Prestwoods have offered no reason why they failed to serve their reports within the 120-day period required by section 74.351, which this Court has described as a "minimal requirement." *See id.* at 453. Instead, the record indicates that the Prestwoods made no attempt to comply with the statute, and a claimant's failure to comply with the statute will not be interpreted by the reviewing court as evidence that it would have been impossible for him to do so. *See id.*

12

locality for similar service; the amount involved and the results obtained; the nature and extent of the relationship with the client; the nature and extent of the legal services provided; the novelty and difficulty of the questions presented; and the time limitations involved.

When a health care liability suit is dismissed for failure to timely serve the defendant with an expert report and curriculum vitae, the trial court "shall enter an order that awards to the affected physician or health care provider reasonable attorney's fees." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)(1) (West Supp. 2007). We review the trial court's award of attorney's fees after dismissal under section 74.351 for an abuse of discretion. *See Strom v. Mem'l Hermann Hosp. Sys.*, 110 S.W.3d 216, 220 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). In determining if the trial court abused its discretion, the appropriate test is whether the evidence in support of attorney's fees contained the attorney's qualifications, his opinion regarding reasonable attorney's fees, and the basis for his opinion. *Basin Credit Consultants, Inc. v. Obregon*, 2 S.W.3d 372, 373 (Tex. App.—San Antonio 1999, pet. denied). When an attorney's testimony contains this necessary information, it constitutes "expert opinion testimony" and can sufficiently establish reasonable attorney's fees. *See Enell Corp. v. Longoria*, 834 S.W.2d 132, 135 (Tex. App.—San Antonio 1992, no writ); *Owen Elec. Supply, Inc. v. Brite Day Constr., Inc.*, 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1992, no writ).

The Prestwoods, while listing a number of the factors the supreme court set forth in *Arthur Anderson*, specifically complain that Dr. Settle's counsel presented no time sheets during the hearing; that he "only estimated" the amount of time he spent preparing the motion, including the driving time between his San Antonio office and the Travis County courthouse; and that he gave

13

conflicting testimony regarding the hourly rate he was charging, first insisting that a reasonable rate was between $180 and $250 per hour, and then admitting that he was only charging his client $175 per hour in this case. In arguing that the evidence was insufficient to support the mandatory attorney's fee award in this case, the Prestwoods intimate that Dr. Settle's attorney's testimony was "incredible" because it consisted of "incongruous sworn statements," amounting to only weak evidence or no evidence at all. We disagree.

Dr. Settle's attorney testified that he has been practicing law since 1980 and that he specializes in defending physicians and healthcare providers. He testified as to his familiarity with reasonable and necessary attorney's fees pertaining to health care liability suits and stated that "reasonable charges fall within about $180 an hour to $250 an hour." He further testified that attorney's fees of $1,000 were reasonable and necessary in this case, based upon the work he had actually performed, including the time he had spent commuting to Travis County, which he had used to practice his argument. He was questioned on cross-examination as to what rate he was charging his client in this matter, answering that his client was being charged $175 per hour.

Contrary to the Prestwoods' assertion, these statements are not undermined by contradiction, nor must they be "viewed as suspect and incredible." It is not within the province of this Court to interfere with the trial court's resolution of any conflicts in the evidence or to pass on the weight or credibility of the witnesses' testimony. *See Benoit v. Wilson*, 239 S.W.2d 792, 796 (Tex. 1951). Even when there is conflicting evidence, the fact-finder's verdict on such matters is generally conclusive. *See Schneider v. Schneider*, 5 S.W.3d 925, 930 (Tex. App.—Austin 1999, no pet.). In this case, the trial court found that an attorney's fee award of $800 was reasonable and

14

justified based on the evidence that counsel for Dr. Settle had spent four hours on work related to the motion to dismiss; in light of the uncontroverted testimony that reasonable charges for physician-defense work fall between $175 and $250 per hour, the amount awarded in this case ($200 per hour) was supported by the evidence.

We therefore hold that the evidence Dr. Settle presented on attorney's fees would enable reasonable and fair-minded people to find that attorney's fees of $800 were reasonable and necessary. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) (legal-sufficiency standard). We further hold that the evidence supporting the trial court's award of attorney's fees was not so weak as to make the court's finding clearly wrong and manifestly unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (factual-sufficiency standard).

## CONCLUSION

Because the trial court did not err in dismissing the Prestwoods' suit and awarding attorney's fees in favor of Dr. Settle, as mandated by section 74.341 of the civil practice and remedies code, we affirm the trial court's judgment.

_____

Diane Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   February 28, 2008

15